## MCDONALD, APPELLANT, v. MCLEOD, APPELLEE.

1. APPELLATE PRACTICE.

An appeal may be dismissed for noncompliance with the rules of court in relation to abstracts and briefs.

2. SAME.

A judgment under review does not rest upon the reasons assigned by the court below.   If it is adequately supported by proof, and can be upheld under well settled principles, it is unimportant that inadequate reasons for the finding may have been expressed.

3. PARTNERSHIP.

There may be a copartnership with reference to a single enterprise.

4. PRACTICE.

Where a defendant neglected to go upon the stand and make clear by his own denials his want of connection with a purchase, the court is entirely warranted in concluding even from slight testimony the existence of those facts which would render him liable for the price of that of which he had received the benefit.

*Appeal from the District Court of Arapahoe County.*

Mr. J. P. Brockway, for appellant.

Mr. Geo. F. Dunklee and Mr. O. E. Jackson, for appellee.

Bissell, P. J., delivered the opinion of the court.

This action was brought against the owner of certain property, and the two McDonalds as contractors, to recover a balance due for lumber claimed to have been sold and delivered to the contractors, and used in the erection of the building.

It is with great reluctance that we consider this appeal, and do not dismiss it for failure of the appellant to present it to this court in accordance with the rules. This proceeding in our judgment would be entirely justifiable, since the abstract contains no statement whatever of the pleadings from which the issue is to be derived, and the brief filed is without statement of any errors upon which the appellant relies, or a discussion of any of the assignments upon which he predicates his right to a reversal of the judgment. The brief simply states, that the appellant refers to the opinion of the court below as his best argument for reversal. Manifestly, this is without force as an argument to reverse the cause, since if the judgment is adequately supported by the proof and can be upheld under well settled principles at law, it is unimportant that inadequate reasons may have been expressed for the finding. It not infrequently happens that judgments are affirmed or reversed, and that in *nisi prius* tribunals judgments are entered or refused, and the right conclusions reached in both instances when unsatisfactory reasons are expressed, and counsel have failed to present either authorities or arguments by which the proceedings could be legitimately upheld. But we are so well satisfied that the proper and equitable result was reached in this case, that it will be considered and the judgment affirmed, although the appellant has not so proceeded as to entitle him to call

on the court to express its opinion regarding the merits of his controversy. But we desire it to be distinctly understood by the profession, that this failure to enforce the rules is not to be taken as a precedent on which they can rely in submitting their cases to this court.

The technical defense on which R. P. McDonald, the appellant and one of the defendants, relied to escape liability for the price of the goods sold, is the failure to establish facts on which a joint liability could be predicated, and out of which, if at all, his responsibility would arise. It appeared that in September, 1890, J. R. and R. P. McDonald entered into a contract with W. R. Farrington to build him a house of a certain description and for a definite sum, in one of the subdivisions of Denver. This contract was signed by both of the McDonalds, and the record shows a performance on their part by which they became entitled to the profits and benefits of the contract. While the work was progressing, McLeod, the appellee, sold and delivered a lot of lumber which went into the building. The lumber was not all paid for, and McLeod sued the McDonalds, as stated, to recover the selling price. It was seriously argued by the appellant in the oral argument by which the case was submitted, that a joint liability on the part of the McDonalds could not be legitimately inferred from the production and proof of this joint contract between them and Farrington. This is true, and if that were all that the record contained of evidence upon this subject, the judgment could not stand. It was insisted with equal accuracy that the suit was not brought upon the written contract, under which circumstance the plaintiff might have the right of recovery upon the production of the instrument, since its execution was not denied under oath. These considerations do not dispose of the suit. There is enough in the case to have warranted the court below in holding that the transaction between the McDonalds and Farrington, and between them and McLeod, constituted the McDonalds copartners for the single transaction, to wit: the building of the house. That there may be a copartner-

ship with reference to a single enterprise, as with reference to all of a certain class or kind of business, is as well settled as any other principle of copartnership law. Parsons on Partnership (2 ed.) *52.

It not infrequently happens that what persons do with reference to a single thing, sometimes even without their intention subjects them to all the responsibilities which would flow from a general partnership which would include the particular transaction. The case discloses the making of a contract on the part of the McDonalds to build a house for a certain sum of money, and there is enough in the record from which the court had the right to infer that the contract was entered into for their joint benefit and profit. They jointly contracted, were jointly responsible, jointly reaped the results, and were as to it copartners in the undertaking to build the house. The lumber went into the construction of the building, and it must be assumed in absence of evidence to the contrary, that this lumber was used for the purposes of the contract to which R. P. McDonald was a party, with his knowledge and with his consent. Even though it might have happened, which this court is not inclined to believe, that R. P. McDonald did not authorize J. R. to buy the lumber previous to its purchase, its purchase by J. R., and the delivery by McLeod, and the appropriation by R. P. to the purposes of the joint contract must be held, under the circumstances, to be such a ratification of the purchase as to estop him from denying the agency of J. R. in the premises. It certainly is ample, under the circumstances, as proof of an agency springing from the copartnership with reference to a single undertaking, and with the other proof in the case would probably warrant the court in holding that J. R.'s agency was sufficiently established to warrant a recovery against R. P. McDonald, his principal, even though they were adjudged not to be copartners in the enterprise, which is established by the record. It would have been so exceedingly easy for R. P. McDonald to have gone upon the stand, and made clear by his own denials his want of connection with

the purchase of the lumber, that the trial court was entirely warranted in concluding even from slight testimony the existence of those facts which would render R. P. McDonald liable for the price of the lumber of which he had had the benefit.

The judgment contravenes no well established principle of law, and to our minds is justified by the testimony, and will accordingly be affirmed.

*Affirmed.*