Per Curiam.
This case was originally brought before a justice of the peace in Otero county to recover the value of a portion of a crop which was sold to the plaintiff in error by one Hansbrough. From the judgment which was rendered by the justice, an appeal was taken to the county court, and Herdman'there got judgment against Hammond for $38.98, and the case was brought here by writ of error.
*380 The writ of error must be dismissed without an adjudication of the questions discussed by the plaintiff in error, for the want of a record which is in conformity with the rules, or sufficient to enable the court to pass on them. There is no bill of exceptions, and the evidence introduced on the hearing is not before the court, and since the case originated before a justice, the issues are not preserved by pleadings. Under these circumstanues, the court is unable to determine just what the controversy was, or what case the parties attempted to present. The abstract contains nothing but the instructions of the court. The error is laid on these instructions, and it is insisted that the cause must be reversed, because the court failed to state the law correctly. There are many reasons why this contention is.not well founded. In the first place, the record does not necessarily show that all the instructions are contained in what is certified to this court. It has been repeatedly decided bj' the supreme court that a case will not be reversed because of alleged error in respect of these matters, unless all the instructions are preserved in the record. Dawson v. Coston, 18 Colo. 493.
It is equally manifest that where there are no pleadings, and none of the evidence is preserved on which the case was tried, it is impossible to determine the sufficiency, the accuracy, or the impropriety of the court’s charge to the jury.
The record is not presented in such form as to entitle the parties to a discussion or a determination of the questions which they argue, and the writ of error must be dismissed.

Dismissed.