Reed, J.,
delivered the opinion of the court.
Appellants instituted proceedings by attachment against Wilson & Wayne before a justice of the peace. Appellee was summoned as garnishee and made answer, denying his liability. His answer was traversed, a trial had resulting in a judgment against the garnishee for seventy odd dollars and costs. An appeal was taken to the county court, trial had to a juiy resulting in favor of appellee, from which appeal was taken to this court.
The only question involved was the truth of the answer made by appellee. There is no abstract of the record as required by rule of the court. The paper filed is abstract, brief and argument, so mixed as to be quite confusing. The appeal might very properly be dismissed, but as that might subject the litigants to some hardship we will proceed to make some disposition of the case, hoping that in future attorneys will bring themselves within the rule. There is no appearance for the appellee. Wilson & Wayne being in *205 debted to appellee to the amount of $90.00 and interest, in discharge of it they, or rather Wayne, sold and delivered to him six head of horses, a miscellaneous lot of agricultural implements and some other chattels of small value, also some hay in stack and some grain, which were subject to two chattel mortgages, one for $213.58 and interest, the other for $60.00 and interest. It appears from the evidence that appellee was to pay off the mortgages and pay his own debt from the proceeds of the property, and if any balance remained pay it to the attorney of Wilson & Wayne. He sold a part of the property, paid the chattel mortgages, and paid Wayne’s attorney $25.00.
As near as can be gathered from the desultorj' evidence the property sold brought in the neighborhood of $250 ; the remainder he offered to sell at $110, but could find no purchasers, making entire value of property received $360. His disbursements and his own judgment amounted to about $472.65, being over $100 more than the value of the property. Testimony at great length was taken, some of it applicable to the issue and much that was not; several issues seem to have been tried, while there was only one involved. The instructions given by the court were very voluminous, rather incompatible and contradictory, and all but the first, which was: “ Gentlemen of the jury, the only issue you are to decide in this case is, whether or not the defendant, John W. Phenicie, answered the garnishee summons truthfully and correctly,” were more or less faulty and érroneous. In one, the jury was required to find as a matter of fact whether the judgment of appellants against Wilson & Wayne was valid or void, and if found void the jury was instructed to find that the garnishee answered truthfully. At first I regarded this error of sufficient importance to warrant a reversal, but after a careful examination of the evidence it was found that the jury, regardless of instructions, were compelled to find that there was no balance due from garnishee to Wilson & Wajme or to any one else, consequently that his answer was truthful ; hence, it was of no importance to either party what the *206 jury thought of the validity of the judgment. The instructions given at the request of the respective parties were so inharmonious the jury may have regarded one set as neutralizing the other. The only question of fact involved seems to have been properly found, and the finding fullj- warranted by the evidence. Substantial justice having been done, the judgment should be affirmed.

Affirmed.