[No. 3894.]

DUBOIS v. THE PEOPLE.

APPELLATE PRACTICE—RULES OF COURT—ABSTRACTS—DISMISSAL.
Where an appellant or plaintiff in error fails to comply with Rule 14, supreme court rules, governing the printing of abstracts of records the appeal or writ of error will be dismissed.

*Error to the County Court of Arapahoe County.*

Mr. W. E. KINGSLEY and Mr. SAM E. BROWNE, for plaintiff in error.

The Attorney General and Mr. CALVIN E. REED, for the people.

PER CURIAM.    The writ of error should be quashed.    In scarcely any respect is there an attempt to comply with Rule 14 governing the printing of abstracts of the record.    Neither the information nor the motions or pleadings are set out, and there is not such a statement of their contents as will give any intelligent notion of what they contain.    None of the points relied upon for a reversal of the judgment are inserted, nor is there a reference to any assignment of errors.    Indeed, so far as the so-called abstract shows, the plaintiff in error made no objection, and saved no exception to any ruling below that entitles him to be heard here.    It is of no material assistance whatever to the court; and should we undertake to examine the record, recourse must be had to the transcript, without any aid from the alleged abstract further than an incomplete reference to the folios.    If, however, the tran-

script be examined, we find that there are two alleged bills of exception in it, neither of which is certified by the clerk, one of which is not sealed by the judge, and neither shows when it was tendered for approval, or when approved by the court.

Long after the printed briefs were in, and more than two weeks after the final submission on oral argument, and only a few days before the opinion was handed down, plaintiff in error asked leave to assign as an additional error for the reversal of the judgment, a point not raised below. We think this application should be denied, but if it were allowed, still the unexplained and in fact inexcusable failure (as already stated) of plaintiff in error to comply with our rules, necessitates a dismissal of the writ.

The rules of this court were not adopted merely for the protection or convenience of litigants, but in a large measure as aids to the court in disposing of causes submitted; and the practice cannot be tolerated of allowing counsel to determine for themselves in what manner they shall prepare a case for hearing, in disregard of the requirements prescribed by the statute and rules of court.

Attention of counsel was seasonably called to the defects mentioned, and no steps have been taken to supply the omission. It is difficult to conceive of a more complete departure from the established practice, in the respects indicated, than is exhibited in the present record. This court and the court of appeals have repeatedly visited the disregard of the rules concerning abstracts and briefs with the penalty of a dismissal; and we feel constrained in the present instance considering all these matters to adhere to the settled rule. Some of the cases in support of this conclusion are *Railway Co. v. Woy*, 7 Colo. 556, *Wilson v. People*, 25 Colo. 375, *Myer v. Helland*, 2 Colo. App. 209, *McDonald v. McLeod*, 3 Colo. App. 344, *Hammond v. Herdman*, 3 Colo. App. 379, and *Buckey v. Phenicie*, 4 Colo. App. 204.

*Writ dismissed.*