## No. 11,370.

### TATARSKY, ET AL. *v.* DE VERE.

Decided January 4, 1926.

On motions for leave to file a bill of exceptions, to make the writ of error a writ of error coram nobis, and for a supersedeas.

*Motions Denied, and*
*Writ of Error Dismissed.*

1.  BILL OF EXCEPTIONS—*Time—Supreme Court.* Where the trial court refuses to approve or sign a bill of exceptions because not presented within the time designated in its order, a motion in the Supreme Court for leave to file it will be denied.

2.  *Approval.* The trial judge is the only one who may sign and approve a bill of exceptions, except in certain contingencies, and the Supreme Court is not vested with any such authority.

3.  WRITS—*Coram Nobis—Bill of Exceptions.* The writ of coram nobis cannot be used to obtain a review of the facts which were or might have been presented at the trial. It is not available to a party whose counsel fails to have prepared and

tendered within time a bill of exceptions, his excuse therefor being that he was indisposed and understood that opposing counsel would agree to an extension of time.

4.  SUPERSEDEAS—*No Bill of Exceptions.* Where on review there is no bill of exceptions before the court, an application for supersedeas, resting on no ground whatever, must be denied.

5.  APPEAL AND ERROR—*Similar Cases.* A case having been decided by the Supreme Court, it declines to review another judgment growing out of the same transaction, involving the same legal questions, and which would have to be affirmed even if plaintiff in error was entitled to, and granted a hearing.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. BENJAMIN F. NAPHEYS, Mr. RAY M. BEEBE, for plaintiffs in error.

Mr. B. O. WHEELER, Mr. IVAN A. ALLEN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

1.  Motion for Leave to File Bill of Exceptions.

THE plaintiffs in error, on suing out their writ of error, have applied for a supersedeas and lodged therewith their assignment of errors, all of which go to rulings of the court during the trial, which cannot be considered here in the absence of a bill of exceptions. In connection with this application the plaintiffs in error tender and ask to have filed what they designate as a bill of exceptions which, upon its face, shows that the trial court refused to approve or sign the same because it was not filed within the time designated in its order. The affidavit of counsel in support of this request gives no sufficient excuse for noncompliance with the prescribed order. The only excuse offered for failure

seasonably to prepare and tender the bill to the court for authentication is that counsel for plaintiffs in error, who makes the affidavit, was at the time physically indisposed and was of the impression that an arrangement had been, or would be, made with counsel for defendant in error for an extension of time. One of the counsel for defendant in error filed an affidavit resisting the motion and says therein that no such arrangement was entered into and no attempt or request was made of him to extend the time. Upon the showing this application must be denied for several reasons, only one of which is specified. Plaintiffs in error had another counsel in the case and no reason has been given, and no showing made why he could not have had the bill prepared within the time allowed or have applied to the court for an extension. The trial judge is the only one who may sign and approve a bill of exceptions, except in a contingency not here existing, and this court is not vested with any such authority. The motion to file the bill is, therefore, denied.

2. Motion to Make the Writ of Error a Writ of Error Coram Nobis.

At the same time the application for leave to file a bill of exceptions was lodged in this court, plaintiffs in error also filed a motion to make their writ of error sued out herein a writ of error coram nobis because of their excusable neglect or failure to prepare or file in the district court within the time limited by the trial court a tendered bill of exceptions which, in a writ of error, is essential to a review of the assigned errors and which is not pertinent in the determination of a writ of coram nobis. The ground of the application is that such failure was due to a mistake of fact which, they say, was that their counsel believed that an arrangement had been made with opposing counsel for an extension of time within which to file the same and that they had no notice or knowledge that opposing counsel intended to resist the filing of the bill which they had prepared.

This motion is wholly misconceived and must be denied.

In *Mandell v. People*, 76 Colo. 296, 231 Pac. 199, we had occasion to consider the nature and object of a writ of coram nobis or coram vobis, and at page 302 of the reported case, quoted with approval from the Supreme Court of Kansas, that the office of the writ of coram nobis or coram vobis is to bring to the attention of the trial court, and to obtain relief from, errors or mistakes of fact from which error in the first judgment appears, which facts, had they been produced at the time of trial, would have resulted in a different judgment. A writ of coram nobis or coram vobis cannot be used to obtain a review of the facts presented to the court at the trial, or which might have been so presented at that trial by the exercise of diligence. It will be perceived from the foregoing statement that the alleged mistake of fact, to remedy which this extraordinary writ is desired, was not made at the time of, but subsequent to, the trial; or, if it had been known at that time, that it would avail them now, or that it would have changed the judgment had it then been known and presented. The writ now desired by the plaintiffs in error is not available. We have already refused leave to file what they say is a bill of exceptions. Had they availed themselves of the statutory remedy to have such a bill duly approved and authenticated, evidently this application to have this writ of error converted in to a writ of coram nobis or coram vobis would not have been made. Even if it lies in any case, this court should not award it here because the statute provides an ample remedy by the ordinary writ of error if the applicant conforms to the statutory requirements for securing a bill. It is entirely clear that the alleged mistake of fact is not of the character for which relief is afforded by the requested writ.

This motion to make the writ of error a writ of coram nobis or coram vobis is therefore denied.

3. Application for a Supersedeas.

This brings us to a consideration of the application of the plaintiffs in error for a supersedeas. The defendant in error has filed a counter-motion to dismiss the writ of error

upon several grounds, one of which, in substance, is that the only points relied upon for a supersedeas and the only assignment of errors made relate to matters which may properly be brought to the attention of the court only by a bill of exceptions. As we have already held that there is no bill of exceptions before us, and plaintiffs in error are not entitled to file the instrument which they say is of that character, but which the trial court refused to authenticate, the application for a supersedeas, resting upon no foundation whatever, must be denied.

In view of our conclusion upon the other motions made in this case above referred to, it appears from the statement of plaintiffs in error themselves that the cause of action in this case arose out of the same accident or collision which constitutes the basis of the cause of action in cause No. 11,342, *Hyman Tatarsky v. Jack Smith,* 78 Colo. 489, 242 Pac. 971. Plaintiffs in error further say that the witnesses testifying are practically the same in each case, that the errors alleged and the points of law raised are the same in both actions. It would necessarily follow, therefore, since we have in the Smith case resolved all these errors in his favor and against the judgment debtor, that the judgment in this case would have to be affirmed even if plaintiffs in error were entitled in this court to a hearing on the merits. This, of itself, is sufficient reason for not sanctioning bad practice in order to give a suitor something he is not, in any event, entitled to. The application for supersedeas is denied and the motion of defendant in error to dismiss the writ of error is granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.