No. 11,342.

TATARSKY *v*. SMITH.

Decided January 4, 1926.

On motion to consolidate.

*Motion Denied.*

1.  APPELLATE PRACTICE—*Consolidation.* Two cases may not be consolidated for hearing in the Supreme Court where there is unreasonable delay in making the application for consolidation, or where, there being no bill of exceptions in one of the cases, it could not be considered on its merits in any event.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. BENJAMIN F. NAPHEYS, Mr. RAY M. BEEBE, for plaintiff in error.

Mr. B. O. WHEELER, Mr. IVAN H. ALLEN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action, No. 11342 on the docket of this court, the defendant Jack Smith, defendant in error here, on his counterclaim recovered a judgment against Hyman Tatarsky, plaintiff below, plaintiff in error here, for damages to his automobile caused by a collision of automobiles. Cause No. 11370 on the docket of this court is a case where the plaintiff below, defendant in error here, De Vere, recovered a judgment against Hyman Tatarsky and Max Tatarsky for personal injuries which she sustained while riding in the automobile of Jack Smith at the time of the collision between his car and that of the Tatarskys. It thus appears

that the cause of action in both cases arose out of the same collision. The writ of error in case No. 11342 was sued out July 30, 1925, and in cause No. 11370 on August 25, 1925. In each case an application for a supersedeas was made upon the issuing of the respective writs of error. The plaintiff in error Tatarsky in cause No. 11342 asks to have the same consolidated with cause No. 11370 and, as thus consolidated, to have the two determined at the same time, since, as he says, the witnesses testifying and the testimony produced are practically the same and the errors alleged involve the same points of law in each case, and the attorneys of the respective parties are the same in both actions.

Not only was there unreasonable delay in this application for consolidation but, in the circumstances, in no event should it be granted, if for no other reason because the errors assigned in each case relate to alleged errors committed by the court below during the trial of the action and, as will appear by reference to our opinion in cause No. 11370, upon the several applications and motions made therein by the plaintiff in error, no bill of exceptions in that case was preserved or signed or approved by the trial judge. Hence it would be entirely improper to consolidate this with another case, which other case could not be heard or considered on its merits; whereas in the pending case No. 11342, the authenticated bill of exceptions, as approved by the trial judge, enables plaintiff in error to have his writ of error determined upon its merits.

The motion to consolidate is denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.