No. 11,491.

HEALD INVESTMENT CO. v. GLOBE NATIONAL BANK.

Decided February 21, 1927.

Action on promissory notes.  Judgment for plaintiff.

*Affirmed.*

1.  PLEADING—*Inferential Allegations.*  A defense questioning the amount received on a sale of pledged property, inferentially admits the sale, and one which alleges a taking and conversion of the property by pledgee, inferentially denies a sale by him.

2.  APPEAL AND ERROR—*Judgment.*  One may not on review take advantage of the part of a judgment which is favorable, and escape the part which is unfavorable, to him.

3.  JUDGMENT—*Presumption.*  All presumptions are in favor of a judgment on review.

4.  APPEAL AND ERROR—*Deficient Abstract—Presumption.*  If the record abstracted does not support the judgment, but material portions of it which are clearly omitted might cure the defect, the presumption is that they would do so.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. LEACH & HEALD, for plaintiff in error.

Mr. FRANK B. GOUDY, Mr. FRANK L. ROSS, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter so refer to them.  Plaintiff

held two of defendant's notes, each secured by a collateral note and mortgage. One of these mortgages was on land in Weld county, the other on land in Ouray county; hence we refer to them as the Weld and Ouray mortgages, respectively. There was an attempted sale of each under the pledge, at which sale plaintiff bought. Having credited each note with the amount bid for its collateral, plaintiff brought this suit for the balance due. The complaint contains two causes of action, one on each note. The answer contains five defenses; the "first defense to the first cause of action" thus inferentially admits the sale of the pledged collateral: "As to whether plaintiff received the sum of one thousand dollars from the sale of the collateral ˌ * * * or a larger sum * * * this defendant has not and cannot obtain sufficient knowledge or information upon which to base a belief." The "first defense to the second cause of action" is in the same language. The third and fourth "defense to the complaint" thus inferentially denies the sale: "Plaintiff wrongfully and in violation of this defendant's rights in the premises, took and converted and disposed of" the collateral. The "fifth and further defense to the complaint" requires no notice here.

The cause was tried to a jury, beginning January 17, 1925, and ending January 20, 1925. Three verdicts were returned. The first requires no consideration. The other two, one on each cause of action, were directed by the court, and to review the judgment entered thereon in favor of plaintiff, defendant prosecutes this writ.

The record before us pretty clearly indicates that method of sale, bid, and credit were the same as to each pledge; that it thereafter developed that the Ouray property was worth much more, and the Weld property much less, than the bid; that both sales were held invalid by the trial court and defendant given credit for the actual value of each pledge; and that defendant, by this review, seeks to take advantage of that judgment

as to the Ouray pledge and escape from it as to the other. Its only apparent right to such relief rests upon an imperfect record; its contention being that its abstract shows that the sale of the Weld mortgage was alleged in the complaint and admitted by the answer, hence the court's judgment invalidating it was error; that said abstract also shows that counsel for plaintiff admitted in open court the value of the Ouray mortgage, which value was found by the jury under the court's direction, hence the judgment thereon must stand. It will be observed, however, that the third defense alleged wrongful conversion of the Weld mortgage. That allegation must be construed as an express denial of a valid sale of the collateral, hence the judgment was in favor of defendant and must stand.

But defendant must be denied relief here for a more inclusive reason. Its abstract is, on its face, so incomplete as to preclude a conclusion of the correctness of the judgment by any reference thereto. It does not bear the approval of the plaintiff and the judge certifies the bill merely as "the bill of exceptions." It recites that evidence was taken, none of which is included. It opens with "Afternoon session, Tuesday, January 20, 1925," omitting entirely all that occurred between that date and the beginning of the trial on January 17th. To emphasize the materiality of the omission the abstract begins with the close of an "agreement," apparently entered into by counsel concerning the value of the Ouray property and the credit due defendant therefor. True, plaintiff neither suggested a diminution of the record nor tendered a supplemental abstract, but in the face of such a palpably deficient transcript of the proceedings we must apply the rule that all presumptions are in favor of the judgment. This rule is invoked where an alleged error might have been cured by proper instructions and the instructions have been omitted from the record. So

in the instant case if the record abstracted does not support the judgment, but material portions of it clearly omitted might supply the defect, the presumption is that they would do so.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.