## STATE OF INDIANA, EX REL. MENDENHALL *v.* GARVIN, JUDGE.

[No. 13,285.   Filed May 11, 1928.]

*D. A. Mendenhall* and *O. H. Mendenhall,* for relator. *Noel, Hickam, Boyd & Armstrong* and *Babcock & Babcock,* for respondent.

REMY, C. J.—Suit commenced in this court by the relator in the name of the state against Thomas E.

Garvin, Judge of the Municipal Court of Marion county, Indiana, for a writ of mandamus. Facts set forth in the petition show that relator was defendant in a certain cause which was heard by respondent who rendered judgment against relator; from the judgment relator appealed to this court, where the appeal is now pending; after the cause was appealed, the appellee in that cause, claiming that the bill of exceptions containing the evidence was defective, in that it showed certain exhibits to have been "offered" in evidence, when it should have shown that the same were "introduced and read" in evidence, filed a motion in the court of respondent for an order correcting the bill of exceptions in that regard; that a hearing was had on the issue presented, and the court, respondent herein, sustained the motion and made an order that the bill of exceptions be corrected, from which order relator prayed an appeal, and was given thirty days in which to prepare and file his bill of exceptions containing the evidence; that, within the time given, relator prepared and presented to respondent, for his approval and signature, what purported to be a bill of exceptions containing a recital of the substance of the evidence; and that, when presented, respondent refused to sign and seal the same. The petition closed with a prayer that this court issue a writ of mandamus directing respondent as judge of the Municipal Court of Marion county to approve, settle, sign and seal the bill of exceptions, and cause the same to be made part of the record.

Respondent, in his return, admits that he is, and at all times mentioned in the petition has been, judge of the court as alleged, and sets forth that at the hearing on the petition the evidence was taken down by a shorthand reporter, but that because of the negligence of relator a complete transcript of the evidence so taken was not caused to be transcribed, has not been incor-

porated in the bill of exceptions presented, and that, therefore, the bill does not contain a correct statement of the evidence.

That relator has the right of appeal from the court's order, sustaining the motion for correction of the record, is not controverted; if he appeals, it is necessary that the bill of exceptions containing the evidence be made a part of the record. It was not, however, a necessary prerequisite to relator's right of appeal that a verbatim transcript of the evidence should be incorporated in the bill of exceptions. All that is required by the statute is that it contain "a clear statement of the ruling or matter called in question, together with a succinct recital of the substance of such part of the evidence and proceedings as shall be necessary to advise" this court "of the pertinency or materiality of the matters sought to be reviewed." Acts 1903 p. 338, §689 Burns 1926; *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 81 N. E. 745.

The settling of a bill of exceptions, that is, determining what it shall contain, is a judicial act. If the bill prepared and presented by the party desiring to appeal is incorrect, the court cannot, for that reason, arbitrarily refuse to act. Under such circumstances, it becomes the duty of the court to make the necessary corrections so that the bill may speak the truth. §406 Code of Civil Procedure, §641 Burns 1926; §§1733 and 1748 Burns 1926; *State, ex rel.,* v. *Deupree* (1907), 40 Ind. App. 492, 81 N. E. 678.

Under the facts as they appear from the respondent's return and the petition, it is the duty of respondent, if the bill of exceptions presented is not correct, to correct and sign the same, and cause it to be made a part of the record.

Clerk will issue mandate in accordance with this opinion.