No. 12,758.

EHRENKROOK ET AL. *v.* WINCHESTER ET AL.
(297 Pac. 519)

Decided March 16, 1931.

Mr. GEORGE H. LERG, for plaintiffs in error.

Mr. WILLIAM O. PERRY, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is an action in unlawful detainer. It was commenced before a justice of the peace, where judgment went for the plaintiffs in error, the tenants. From that judgment an appeal was taken to the county court, where a verdict in favor of the defendants in error was directed and judgment entered thereon. A writ of error was then sued out of this court and a stay of execution upon terms granted. Two motions have been interposed, one to strike certain parts of the bill of exceptions and one to dismiss the writ.

The motion to strike is directed to folios 62 to 227 of the bill. Examination shows that these folios are a transcript, not of the testimony taken before the county court, but before the justice of the peace. Why a reporter was employed in the justice court and none in the county court is not explained. The county judge refused to settle and certify the bill so far as this testimony was concerned and the plaintiffs in error seek to overcome this by the affidavits of two of the jurors in the county court trial, who swear that the transcript of the testimony taken before the justice "is substantially a true, correct, full and complete transcript and statement of the evidence given upon the trial of said cause." These conclusions are somewhat disputed by the trial judge, who certifies, among other things, that "As to the matters which may have taken place in the justice court, I am not advised, and can neither approve or deny the same; except to say, I believe there possibly was some more material evidence in the county court than there was in the justice court."

The question presented is whether the testimony contained in the transcript aforesaid is properly a part of the bill of exceptions under the provisions of section 420, Code '21. We think it is not. That section provides that where the trial judge shall refuse to sign the bill, "it

shall be lawful for either party excepting to the judgment, or his attorney, to attach to his bill of exceptions the affidavit of two or more persons (at least one of whom shall be other than the party so excepting or his attorney) who were present when such exceptions were taken, stating that such bill of exceptions is true and correct; and when such bill of exceptions is so allowed and signed or so attested and proved by affidavit, it shall thereupon be filed by the clerk, and shall become a part of the record of such cause; *Provided,* that when a bill of exceptions is sought to be preserved by affidavits, the opposite party shall be notified in writing of the filing of such affidavits within three days from the date when the same are filed, and may, within ten days after service of such notice, file counter-affidavits; and the supreme court shall, upon notice and such proof as may be produced, determine and settle what is the true bill in that behalf.''

No such procedure was followed here. The plaintiffs in error simply attached to the record proper the transcript of the testimony before the justice and the affidavits of the jurors, and gave no notice to the defendants in error. It follows, therefore, that the transcript, and the affidavits purporting to sustain it, cannot be considered by this court. *Johnson v. People,* 33 Colo. 224, 80 Pac. 133; *Holland v. People,* 30 Colo. 94, 69 Pac. 519; *Diamond Co. v. Faulkner,* 17 Colo. 9, 28 Pac. 472.

The motion to dismiss the writ of error is also well founded. We cannot well pass upon the proposition of whether error was committed in directing a verdict when the testimony is not before us. In its absence we must, as we have often held, presume there was no error. *Royal Exchange v. Tritch Co.,* 86 Colo. 368, 281 Pac. 918; *Smith v. Mining Co.,* 82 Colo. 288, 259 Pac. 1025; *Heald Co. v. Bank,* 81 Colo. 63, 255 Pac. 451; *Tartarsky v. De Vere,* 78 Colo. 496, 242 Pac. 973; *Phoenix Co. v. Greger,* 39 Colo. 193, 88 Pac. 1066.

The writ of error is dismissed. The order staying execution is vacated and the clerk ordered to pay to the de-

fendants in error the amounts from time to time deposited with him by the plaintiffs in error.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.