## No. 15,059.

George W. Clayton College et al. *v.* County Court
of the City and County of Denver et al.

(126 P. [2d] 502)

Decided May 18, 1942.

Mr. Wilbur M. Alter, Mr. Ivor O. Wingren, for plaintiffs in error.

Mr. Malcolm Lindsay, Mr. Frank L. Hays, Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Samuel L. Fairlamb, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

 THE judgment of the district court, to which the writ of error herein is directed, merely recites "that the judgment of the county court be, and hereby is affirmed." The order for judgment therein further informs that "plaintiffs' [plaintiffs in error here] petition be and hereby is denied." The record on error consists of the reporter's transcript of the proceedings in the district court, the written findings and conclusions of that court, the judgment, and subsequent formal orders relating to the projected review. Thus, although the proceeding presumably reached the district court by appeal from the county court of Denver, the record proper does not contain the judgment of the county court from which the appeal was taken and which was affirmed, nor does it show any of the pleadings or record entries of the county court pertaining to the matters here said to be involved. Notwithstanding the authentic record on error supplies no basis therefor, there is printed in the so-called "abstract of record' (pages 82-87) what is designated as, "order and finding re petition for an order terminating testamentary trust" in the matter of the Estate of George W. Clayton, deceased, allegedly made by the county court. This purported finding and order concludes with the sentence: "The petition is denied." We infer from the recitals of the order and judgment of the district court, as shown by the authenticated record, and from the remarks attributed to the county court as set out in the purported abstract, that both courts successively concluded that some "petition" of plaintiffs in error should be denied, yet, consistently with the general disregard of procedural requirements for review displayed throughout, neither the real record nor the spurious abstract contains so much as a copy, summary, draft or minute of *the* petition," which apparently was the foundation of the proceeding and the prime subject of consideration by both trial courts. Typically, in the abstract no attempt is made to show the formal judgment of the district court. Nor is the situation made less

complicated by the circumstance that the first 88 pages of the "abstract of record"—approximately two-thirds of the volume—are entirely devoid of any reference to the folio numbers of the record on error and merely consist of a melange of documentary exhibits, cross references to records in other proceedings in this and other courts, and diverse extrinsic matter not appearing in the record itself.

In the light of these and other serious deficiencies and incongruities in the documents pertaining to the review, we would be justified in dismissing the writ of error upon our own motion (See, Rules 112, 115 (a) (d), R. C. P. Colo.; *Du Bois v. People,* 26 Colo. 165, 57 Pac. 187; *Zall Jewelry Co. v. Stoddard,* 68 Colo. 395, 190 Pac. 506, and *Knudson v. Frost,* 51 Colo. 340, 117 Pac. 157) and would do so forthwith, were it not for the public nature of the controversy said to exist, and the earnest solicitations for a determination thereof made in the oral arguments of counsel, none of whom, we are satisfied, is primarily chargeable with the shortcomings of the record here.

Upon the basis of these unusual circumstances and to the end that there may be a disposition of the proceeding upon the merits, we grant to the plaintiffs in error, if they so elect, twenty days from this date in which to complete the record and file a supplemental abstract thereof; otherwise, the writ of error shall be dismissed without further notice or order.

MR. JUSTICE HILLIARD not participating.