No. 23063.

JOSEPH E. BRNCIC AND THE CITY AND COUNTY OF DENVER, STATE OF COLORADO, A MUNICIPAL CORPORATION *v.* THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, AND THE HONORABLE JAMES C. FLANIGAN, ONE OF THE JUDGES OF SAID COURT.

(431 P.2d 475)

Decided September 5, 1967.

458

Max P. Zall, City Attorney, Ty R. Williams, Assistant, for petitioners.

Kripke, Hoffman & Friedman, for respondents.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an original proceeding. It involves the refusal of the district court, one of the judges thereof, to certify a reporter's transcript. We are asked to issue a writ in the nature of mandamus to compel the trial court to approve, allow, settle and sign the transcript, and to certify it as part of the record on a writ of error filed in this court.

The facts are not in dispute. The City and County of Denver and one of its employees, petitioners in this original proceeding, were defendants in a district court damage suit involving an automobile collision with one of the city's dump trucks. On trial to a jury, presided over by the Honorable Gerald E. McAuliffe, one of the district judges of the City and County of Denver, a verdict was returned against the city and the individual employee-defendant in the amount of $8500. Upon motion for new trial filed by the plaintiff, Judge McAuliffe set the verdict aside as being inadequate and ordered retrial on the issue of damages alone.

The second trial, without a jury, on the question of damages only was before the Honorable James C. Flanigan, another one of the district court judges. At the conclusion of this trial, after denying motion for new trial,

the judge entered judgment against petitioners in the sum of $48,342.19.

A reporter's transcript of the trial of the cause before Judge McAuliffe was ordered by the city attorney. The sixtieth day upon which the transcript could be lodged with the court as provided in R.C.P. Colo. 112 (f) occurred on the 9th of January, 1967, and on that day the city attorney did lodge a purported transcript with the clerk of the court. The clerk, noting that some pages thereof were carbon copies, refused to accept it. The clerk "ruled" that carbon copies were in violation of R.C.P. Colo. 112 (a), which states, *inter alia,* "Carbon copies shall not be used in the record." Notwithstanding, the city attorney left the transcript in the court clerk's office, and two days later, on January 11th, the clerk placed the court receipt stamp thereon and sent a notice to the opposing party plaintiff allowing for 14 days within which to file objections to the transcript, all as contained in rule 112 (f), *supra.*

On January 10, 1967, the city attorney ordered from the reporter the original pages in question. These were furnished later, and sometime in the month of February they were substituted in the transcript for the carbon pages.

On January 13, 1967, the plaintiff did not file objections to the transcript as lodged containing some carbon-copy pages, but instead filed a motion to strike the reporter's transcript on the ground that it was filed late and that no motion for enlargement of time had been filed with or granted by the trial court. This motion was not heard by Judge McAuliffe, before whom the original trial was held. Rather, it was heard by Judge Flanigan in March and at a time when the transcript contained all the original pages. At the hearing it was conceded that the transcript containing some carbon-copy pages was filed on time, to-wit: January 9, 1967. Judge Flanigan ruled, however, that because the city attorney knew the transcript contained carbon pages it was tantamount

to filing no transcript at all, and that, therefore, the filing was late within the meaning of the rules. A motion for enlargement of time nunc pro tunc to lodge the admittedly corrected transcript was denied. The judge then entered an order striking the transcript. To this action of the respondent Judge Flanigan we issued a show cause order which has been answered and the matter is now at issue.

The City of Denver asserts two grounds for relief in this court from the order of the respondent judge striking the transcript as follows:

(a) That the Honorable James C. Flanigan was not the judge before whom the trial was held; that the said judge was without jurisdiction to determine the matter of approving, allowing, settling and signing the transcript and;

(b) That if the Honorable James C. Flanigan did have jurisdiction, he abused his discretion in refusing to certify the transcript to the Supreme Court.

We hold that the respondent judge was without jurisdiction to rule on whether the transcript should be approved, settled and signed. The transcript related entirely to the trial before the Honorable Gerald E. McAuliffe. The rule in Colorado, as well as many other jurisdictions, is that the transcript must be approved, settled and signed by the judge whose rulings are excepted to. *Tatarsky v. DeVere,* 78 Colo. 496, 242 P. 973; *Camelin v. Smith,* 53 Colo. 574, 128 P. 1125; *Fechheimer v. Trounstiene,* 12 Colo. 282, 20 P. 704. There is an exception to the rule when the trial judge is no longer in office due to death, resignation or expiration of his term.

In this case, however, Judge McAuliffe is a judge of the court and available, and it was his reporter-employee who prepared the alleged improper transcript.

We are cognizant of the salutary effect of requiring compliance with our rules and have in many instances held parties strictly accountable for the breach thereof. We hold, however, that from the particular cir-

cumstances of this case, for the judge to refuse to certify the transcript — assuming arguendo that he had jurisdiction in the premises — is a gross abuse of discretion. The reason for the rule requiring original pages, rather than the copies, is to avoid errors and provide for legibility. It is conceivable that corrections made on originals might not be made on copies.

There is no showing in this case that any prejudice inured to any of the parties by reason of the carbon pages being present in this transcript. There was time within the 14 days provided by the rules for the opposing party to object to the transcript and to request corrections to be made therein and to have obtained a proper transcript for the certifying judge. We find in some jurisdictions, where the bill of exceptions is tendered for allowance by the court (rather than a transcript as in this jurisdiction) that it has been held that it is error for a trial judge to arbitrarily refuse to settle the bill in the first instance merely because it is incomplete or defective. *St. Clair v. Bullock,* 12 Cal.2d 450, 85 P.2d 867; *Kouts v. Superior Court,* 135 Cal. App. 699, 27 P.2d 788; *State v. Garvin,* 87 Ind. App. 426, 166 N.E. 671. He should first return the bill with his refusal and reasons for his refusal endorsed thereon or stated in the notice to the acceptant and should propose corrections to be made.

Accordingly, the rule is made absolute. Under the superintending powers vested in this court and having in mind the precedent in *Clayton College v. County Court of Denver,* 109 Colo. 476, 126 P.2d 502, this matter is remanded with instructions to the respondent trial judge to transmit the transcript to the Honorable Gerald E. McAuliffe, Judge of the District Court, for examination, settling and signing in harmony with the views herein expressed.