TOWN OF ERIE, Colorado, a Colorado municipal corporation, Plaintiff–Appellant and Cross–Appellee,

v.

TOWN OF FREDERICK, a Colorado municipal corporation; Eric E. Doering, in his capacity as Mayor of the Town of Frederick, Colorado; and Board of Trustees of Frederick, Colorado, Defendants–Appellees and Cross–Appellants.

No. 09CA1066.

Colorado Court of Appeals, Div. I.

June 10, 2010.

Nathan, Bremer, Dumm & Myers, P.C., J. Andrew Nathan, Marni Nathan Kloster, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Samson, Pipis & March, L.L.C., Richard E. Samson, Cyril R. Vidergar, Longmont, Colorado; The Fowler Law Firm, L.L.C., Timms R. Fowler, Fort Collins, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge TAUBMAN.

Plaintiff, Town of Erie (Erie), appeals the trial court's judgment approving annexations by defendant, Town of Frederick (Frederick), and Frederick conditionally cross-appeals. We affirm Frederick's annexations and remand for a calculation of reasonable appellate attorney fees and costs. Because we affirm the trial court's ruling, we do not address the issues Frederick raises on cross-appeal.

## I. Background

This is a companion case to *SMT v. Frederick*, (Colo.App. No. 09CA0221, 2010 WL 2003580, May 20, 2010) (not published pursuant to C.A.R. 35(f)).

In January 2007, Frederick's mayor, Eric Doering, executed four petitions to annex land known as the Yardley Wetlands. The Yardley Wetlands are located in the southwest portion of Frederick's planning area and are bisected by State Highway 52. Frederick's town board approved the petitions and adopted resolutions in March. In April, Erie submitted four motions for reconsideration regarding the annexations, which the town board denied a week later. However, Frederick repealed the annexations because it had failed to publish proper notice.

In May, after providing notice twenty-five days prior to a public hearing, Frederick again adopted resolutions annexing the Yardley Wetlands, using Weld County Road 5 (WCR 5) as the pole in a series of flagpole annexations.[1] Erie submitted another set of motions for reconsideration in June, alleging various defects in the annexations. Frederick's town board again denied Erie's motions for reconsideration.

On May 25, 2007, a group of landowners known as SMT sued Frederick over the annexations. Erie also sued Frederick, and the two cases were consolidated. After SMT was dismissed as a party for lack of subject matter jurisdiction, a trial was held and the court entered judgment in favor of Frederick in April 2009.

This appeal followed.

## II. Notice of Annexations

The Act requires, as pertinent here, that in circumstances discussed below, notice must be given to abutting landowners ninety days before the date of an annexation hearing. The statute further provides that an inadvertent failure to comply with this notice provision may be excused.

Erie contends the trial court erred in finding that Frederick's short notice to landowners was inadvertent. We disagree.

■ A determination of whether a deficiency in notice is inadvertent under the Municipal Annexation Act, sections 31–12–101 to –707, C.R.S.2009, involves a mixed question of law and fact. We defer to the trial court's factual findings if supported by the record, and we review de novo the court's application of the law to those facts. *McCallum Family L.L.C. v. Winger*, 221 P.3d 69, 73 (Colo.App.2009).

Notice provisions are contained in two sections of the Act. One provision states that a hearing must be held thirty to sixty days after the effective date of a resolution setting an annexation hearing, and notice shall be published at least thirty days prior to the hearing. § 31–12–108, C.R.S.2009. The other provision states that annexations using a public road to achieve contiguity must provide abutting landowners with written notice ninety days prior to the date of the annexation hearing. § 31–12–105(1)(e.3), C.R.S. 2009. This section also provides: "Inadvertent failure to provide such notice shall neither create a cause of action in favor of any landowner nor invalidate any annexation proceedings." Only the ninety-day notice section is at issue here.

■ Frederick stipulated that notice was provided to abutting landowners only twenty-five days before the hearing. However, the trial court found that Frederick's deficient

---

**1.** A flagpole annexation is an annexation "in which a street right-of-way is used as the 'pole' to reach a parcel of land, the 'flag,' which is not directly contiguous to the annexing municipali-

ty." Greg Clifton, *Growth Management: Recent Developments in Municipal Annexation and Master Plans,* 31 Colo. Law. 63 (Mar. 2002).

notice was inadvertent and that, under section 31–12–105(1)(e.3), such deficiency did not invalidate the annexation proceedings. We conclude that evidence in the record, including the testimony of Mayor Doering, supports the trial court's finding. Further, based on the trial court's finding, which is not clearly erroneous, we conclude the trial court's conclusions of law are correct.

Erie contends that Frederick's failure to provide ninety days notice to landowners adjoining the proposed annexations could not be inadvertent because Frederick was given notice of its defect in Erie's original motion for reconsideration. However, while Erie's motion for reconsideration cited the above statute and asserted Frederick had not complied with it, the motion did not state that the statute required notice ninety days prior to the date of the annexation hearing. Also, Doering testified that he believed, based on communications from his staff, that timely notice had been provided. In addition, Frederick's town clerk, Nanette Fornof, testified that she sent notice by certified mail to all abutting landowners and landowners within 300 feet of the proposed annexation, and nobody appeared at the annexation hearing to testify or object due to lack of sufficient notice. The town clerk also testified that she believed the notice she sent was in compliance with the Act.

As noted, Erie argued that Frederick was aware the Act required ninety days notice to landowners because Frederick had provided short notice of its original petitions and Erie had made Frederick aware of the defect in its original motion for reconsideration. However, in rejecting Erie's argument that Frederick intentionally violated the notice requirement, the trial court found that Frederick's "short notice was certainly not by design or intentional." The trial court thus considered Erie's contention that the prior annexation proceeding was evidence that Frederick's failure to provide ninety days notice was not inadvertent. However, the trial court was not compelled to decide in Erie's favor based on this evidence.

We thus conclude that evidence in the record supports the trial court's determination that Frederick's short notice was inadvertent. Thus, we defer to the trial court's finding.

### III. Standing

Erie contends the trial court erred in finding that it did not have standing to raise issues on behalf of third parties. We disagree.

 Standing is a question of law that we review de novo. *Syfrett v. Pullen,* 209 P.3d 1167, 1169 (Colo.App.2008). Statutory interpretation is also a question of law that we review de novo. *Id.*

 Plaintiffs have standing if they suffer an injury in fact to a legally protected interest. *Boulder Valley Sch. Dist. RE-2 v. Colo. St. Bd. of Educ.,* 217 P.3d 918, 923 (Colo.App.2009). Generally, a plaintiff does not have standing to assert that a third party has suffered an actual injury to a legally protected interest. *People v. French,* 762 P.2d 1369, 1372 (Colo.1988).

The Act provides that if

any municipality within one mile of the area proposed to be annexed believes itself to be aggrieved by the acts of the governing body of the annexing municipality in annexing said area to said municipality, such acts or findings of the governing body may be reviewed by certiorari in accordance with the Colorado rules of civil procedure.

§ 31–12–116(1)(a), C.R.S.2009.

 Property owners whose land is not included in a proposed annexation may not challenge the annexation. *Richter v. City of Greenwood Village,* 40 Colo.App. 310, 311, 577 P.2d 776, 777 (1978). "The third-party standing rule prevents a party from asserting the claims of third parties who are not involved in the lawsuit." *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 439 (Colo.2000).

In *City of Greenwood Village,* the supreme court held that a city attempting to annex land could not assert third-party standing to challenge a statute on behalf of landowners and residents who were not parties to the lawsuit because (1) there was not a substantial relationship between the city before the

court and the third party; (2) the third party would not have any difficulty in asserting an alleged deprivation of his or her rights; and (3) the case did not present a "dilution of third party rights sufficient to allow [the city] standing to seek their vindication." 3 P.3d at 439.

 Erie contends the statute allows it to raise issues on behalf of third parties because it is a municipality within one mile of the proposed annexation area. Frederick contends the trial court correctly limited Erie's right to assert claims by finding that Erie did not have standing to raise issues on behalf of landowners who are not a party to the lawsuit. The Act specifically allows any landowner in a proposed annexation area that believes it is aggrieved by an annexation to seek review of the annexation proceedings. § 31–12–116(1)(a).

We reject Erie's contention that *City of Greenwood Village* is distinguishable. There, the supreme court held that a municipality could not raise claims on behalf of nonparty landowners. Here, SMT was a party, but did not appeal the dismissal of its claims before trial, even though it could have done so.

Further, even though Erie seeks to distinguish *City of Greenwood Village* because it concerned constitutional issues, Colorado's standing case law regarding statutes requires that a party suffer injury in fact to a legally protected interest. *See Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 538–39 (1977). In *City of Greenwood Village,* the supreme court noted that the prudential prong of standing—injury to a legally protected interest—applies to both constitutional and statutory provisions and ensures that courts do not decide abstract, generalized grievances. *City of Greenwood Village,* 3 P.3d at 437.

We conclude that section 31–12–116 of the Act gives Erie, as a municipality within one mile of the proposed annexations that believes itself to be aggrieved, standing to contest an annexation to the extent that it is actually aggrieved. However, we further conclude that the Act does not give Erie unfettered standing to raise issues on behalf of anyone else. To conclude otherwise would

allow a municipality to raise issues on behalf of a party or nonparty even if that aggrieved party or nonparty did not dispute those issues.

Thus, because the Act allows affected landowners to contest an annexation, we agree with the trial court that the Act does not provide an exception to the general third-party standing rule and does not allow a municipality located within one mile of a proposed annexation to contest the proposed annexation on behalf of landowners. Therefore, we conclude that Erie may not raise issues on behalf of third parties.

## IV. Separation of Property

Erie contends the trial court erred in finding that the annexation using WCR 5 did not constitute an unconsented separation of property. We disagree.

### A. Contiguity

Section 31–12–104(1)(a), C.R.S.2009, requires that at least one sixth of the perimeter of the area to be annexed is contiguous with the municipal boundary. The Act also provides that contiguity is not affected by the existence of a public right-of-way. § 31–12–104(1)(a).

 Contiguity is not affected by the existence of a public or private right-of-way between the annexing municipality and the land proposed to be annexed. *Bd. of County Comm'rs v. City of Greenwood Village,* 30 P.3d 846, 848–49 (Colo.App.2001). Where parties do not dispute that a road is a public right-of-way, the road may be excluded in determining contiguity. *Bd. of County Comm'rs v. City of Aurora,* 62 P.3d 1049, 1052 (Colo.App.2002).

 Erie contends the underlying landowners of WCR 5 must sign the annexation petition before the road can be used to establish contiguity. Frederick contends that annexation using a public road establishes contiguity and does not constitute an unconsented separation of property. We agree with Frederick because contiguity is not affected by the existence of a public right-of-way.

### B. Consent of Owners

 Consent is not required from the owners of a public road or public right-of-way. § 31–12–105(1)(a), C.R.S.2009 ("[N]o land held in identical ownership ... shall be divided into separate parts or parcels without the written consent of the landowners thereof unless such tracts or parcels are separated by a dedicated street, road, or other public way."). Using public ways does not affect a separation of private properties. *Bd. of County Comm'rs v. City & County of Denver*, 37 Colo.App. 395, 398, 548 P.2d 922, 925 (1976).

We conclude that the record supports the trial court's finding that WCR 5 is a public right-of-way. Even though there was evidence that private property owners owned the land up to the center line of WCR 5, Erie stipulated that the road has been used by the public and maintained by Weld County for decades. In addition, an expert for Erie testified that title documents for private property along WCR 5 showed a thirty-foot right-of-way to the public on either side of WCR 5. Therefore, we conclude that the trial court did not abuse its discretion in finding that WCR 5 is a public right-of-way and concluding that Frederick did not need to obtain consent from the underlying landowners.

### V. Three–Mile Requirement

Erie contends the trial court erred in finding that Frederick's comprehensive plan satisfied the Act's three-mile plan requirement. Accordingly, it maintains the annexation should be invalidated. We disagree.

We review de novo a trial court's statutory interpretation. *Burbach v. Canwest Inv., LLC*, 224 P.3d 437, 439 (Colo.App.2009).

The Act requires a town to maintain a development plan in the area within three miles of the town's limits. § 31–12–105(1)(e)(I), C.R.S.2009. The statute provides:

> [N]o annexation may take place that would have the effect of extending a municipal boundary more than three miles in any direction from any point of such municipal boundary in any one year.... Pri-

or to completion of any annexation within the three-mile area, the municipality shall have in place a plan for that area that generally describes the proposed location, character, and extent of streets, subways, bridges, waterways, waterfronts, parkways, playgrounds, squares, parks, aviation fields, other public ways, grounds, open spaces, public utilities, and terminals for water, light, sanitation, transportation, and power to be provided by the municipality and the proposed land uses for the area.

§ 31–12–105(1)(e)(I).

 Erie contends that Frederick failed to comply with section 31–12–105(1)(e)(I) because it did not have a document designated as its "Three–Mile Plan" at the time of the annexations. The trial court held that Frederick's comprehensive plan, which was updated annually, satisfied the statute's "Three–Mile Plan" requirements. We agree with the trial court's conclusion that the statute does not require a municipality to title a plan as its "Three–Mile Plan" to comply with the statute as long as the municipality's plan fulfills the statute's requirements.

### VI. Petition's Compliance with Act

Erie also contends that the trial court erred in approving the annexations because Frederick's petitions for annexation did not fully comply with the requirements of section 31–12–107, C.R.S.2009. We disagree.

Erie contends the petitions for annexation did not contain four copies of the annexation maps, nor did they contain an address for Frederick's mayor or a date accompanying his signature, as required by the Act. § 31–12–107(1)(c)(VI)–(VIII), C.R.S.2009.

The supreme court has held that an annexation petition was sufficient even though the signature pages did not include the date of each signature. *Bd. of County Comm'rs v. City & County of Denver*, 193 Colo. 325, 329, 566 P.2d 335, 338 (1977). The court also held that substantial compliance with the Act was achieved even though the petition was not accompanied by copies of the annexation map because the map was available to the city council. *Id.* at 328, 566 P.2d at 338.

Here, the trial court found that each annexation petition was signed by Frederick's mayor. It therefore held that Frederick's failure to date the signature and provide an address was not material. The trial court also found that annexation maps accompanied Frederick's petition and minor deviations from the Act's requirements did not prejudice Erie. Thus, we conclude that the trial court did not err in finding that Frederick substantially complied with the statute's requirements.

Furthermore, because we found that the trial court did not abuse its discretion in finding Frederick inadvertently violated the Act's notice requirement or err in holding that the annexation had contiguity, we conclude the trial court properly upheld the annexation of the Yardley Wetlands.

## VII. Attorney Fees

Frederick contends it is entitled to attorney fees and costs if we affirm the annexations. Frederick does not specify whether it is requesting attorney fees for its trial expenses or its appellate expenses; thus, we will assume Frederick is requesting both. We agree that Frederick is entitled to its reasonable appellate attorney fees and costs, but decline to address its request for trial court attorney fees.

After the trial court upheld its annexations of the Yardley Wetlands, Frederick moved for attorney fees and costs in the amount of $67,712.65. However, it does not appear that the trial court has ruled on the motion, and so this issue is not properly before us.

The Act provides: "In the event that the person bringing an action pursuant to this section fails to substantially prevail, the court may award the municipality its reasonable attorney fees and costs of defense." § 31–12–116(2)(a)(IV), C.R.S.2009. A statutory award of attorney fees may include reasonable appellate attorney fees. *See, e.g., Akin v. Four Corners Encampment*, 179 P.3d 139, 147–48 (Colo.App.2007) (prevailing party in condemnation case entitled to reasonable attorney fees on appeal); *Levy–Wegrzyn v. Ediger*, 899 P.2d 230, 233 (Colo.App. 1994) (prevailing party in harassment claim entitled to reasonable attorney fees on appeal).

Erie contends that the Act does not authorize appellate attorney fees and that Frederick is not entitled to recover appellate attorney fees because it filed a cross-appeal. We disagree.

The Act allows a court, in its discretion, to award to a municipality reasonable attorney fees incurred in defending a challenge to its annexation. Furthermore, C.A.R. 39.5 allows us to award attorney fees and costs for an appeal. In exercising our discretion, we conclude that Frederick, the prevailing party on appeal, is entitled to reasonable attorney fees and costs incurred in defending Erie's appeal, and we remand for a determination of the amount of Frederick's appellate attorney fees and costs. C.A.R. 39.5.

## VIII. Cross–Appeal

Finally, because we affirm Frederick's annexation of the Yardley Wetlands, we do not address the issues Frederick raises in its cross-appeal.

## IX. Compliance with Appellate Rules

We remind counsel to comply with this court's appellate rules. These rules were adopted to aid the court in disposing of cases. *Dubois v. People*, 26 Colo. 165, 166, 57 P. 187, 187 (1899); *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo.App.2010). Here, the print in Erie's and Frederick's footnotes was too small. C.A.R. 32(a)(1) (typeface must be 14-point or larger). In addition, Erie did not comply with the rules regarding preservation of the issues in its opening brief. C.A.R. 28(k). We also note that Frederick's summary of the argument did not comply with C.A.R. 28(a)(4).

The trial court's judgment is affirmed, and the case is remanded for a determination of Frederick's reasonable appellate attorney fees.

Judge J. JONES and Judge RICHMAN concur.