**The WRITER CORPORATION, a Colorado corporation; Centex Homes Corporation, a Nevada corporation, and Wood Brothers Homes, Inc., a Delaware corporation, Plaintiffs–Appellants,**

**v.**

**The COLORADO STATE BOARD OF EQUALIZATION, Ted L. Strickland, Beverly Bledsoe, Kenneth D. Smith, as members of said Board; Arapahoe County Board of Equalization; Mary Anne Maurer, as Colorado State Property Tax Administrator; and Allen S. Black, as Arapahoe County Assessor, Defendants–Appellees.**

No. 87CA0887.

Colorado Court of Appeals, Div. I.

Nov. 17, 1988.

Rehearing Denied Dec. 15, 1988.

Certiorari Denied March 13, 1989.

Loser, Davies, Magoon & Fitzgerald, P.C., Ronald S. Loser, Diane B. Davies, Denver, for plaintiff-appellant The Writer Corp.

Holland and Hart, Alan Poe, Denver, for plaintiff-appellant Centex Homes Corp.

Holley, Albertson & Polk, Karen Roan Novotny, Golden, for plaintiff-appellant Wood Bros. Homes, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiffs, Writer Corporation, Centex Homes Corporation and Wood Brothers Homes, Inc., appeal the order of the district court affirming the order of the State Board of Equalization (SBOE) that property with improvements but no residential dwelling unit be taxed at the same rate as all other non-agricultural property. We affirm.

The plaintiffs each owned land which was being developed for residential use, but upon which no dwelling unit had been built. Improvements had been made to the property consistent with residential use. The Arapahoe County Assessor valued

these properties as a class, identified as "vacant residential land," at the tax rate of 29% of actual value. The plaintiffs protested contending that their property qualified as residential land to be taxed at the rate of 21% of actual value. The protests were denied and plaintiffs appealed to the Arapahoe County Board of Equalization (ACBOE).

The ACBOE determined that plaintiffs' property had been erroneously valued and adopted a resolution defining residential improvements and/or residential land with no dwelling unit in existence. That resolution provided that, in Arapahoe County, "residentially zoned and platted subdivisions and/or lots therein where streets, curbs and gutters, water and sewer lines, and water taps are in place should be assessed as residential property at 21%."

The property tax administrator, pursuant to § 39–9–103(4), C.R.S. (1988 Cum.Supp.), recommended review and that the SBOE find that there must be a residential dwelling unit on the property for the 21% assessment rate. After a hearing, the SBOE agreed with the property tax administrator and concluded that the ACBOE had erroneously changed the valuation for assessment of residential vacant land, a subclass of property in that it had:

> "improperly defined residential improvements and/or residential land inconsistent with [Colo. Const. art. X, § 3] and § 39–1–102(14.3), (14.4), and (14.5), C.R.S., and had erroneously applied a 21 percent assessment rate, rather than the correct rate of 29 percent...."

Plaintiffs appealed to the district court which affirmed the decision of the SBOE, finding that it did not exceed its jurisdiction in reviewing and reversing the actions of the ACBOE. It further found that the Colorado Constitution and statutes required a dwelling on the land before the residential rate of 21% applies.

## I.

Plaintiffs first contend that the SBOE was without jurisdiction to review the decision of the ACBOE at the request of the property tax administrator. We disagree.

Section 39–8–108(1), C.R.S. (1982 Repl. Vol. 16B) is cited as authority in support of the plaintiffs' argument. That statute sets forth the process for review by the board of assessment appeals or the district court of a county board of equalization decision.

■ The process for SBOE review of the decision of a county board of equalization is set forth in § 39–9–103(4), C.R.S. (1988 Cum.Supp.). The SBOE has authority only to review the valuations for assessments of taxes placed upon classes and subclasses of real and personal property by county taxing authorities. The abstract of assessment of a particular county can be reviewed by the SBOE for errors at the recommendation of the property tax administrator. Section 39–9–103(4), C.R.S. (1988 Cum.Supp.).

The property tax administrator has the duty to "examine all complaints filed with him wherein it is alleged that a class or subclass of taxable property in a county has not been appraised or valued as required by law or has been improperly or erroneously valued." Section 39–2–111, C.R.S. (1988 Cum.Supp.).

■ If the administrator finds that classes or subclasses of property located in a county have not been correctly valued for assessment as required by law, a complaint is filed with the SBOE. Section 39–2–115(2), C.R.S. (1988 Cum.Supp.). The administrator concluded that the ACBOE had improperly changed the valuation for assessment of residential vacant land. The SBOE, therefore, acted properly in considering the issue.

## II.

Plaintiffs next contend that the SBOE acted in excess of its jurisdiction, arguing that it acted to assess the property of particular taxpayers. We disagree.

■ Plaintiffs misconstrue the order of the SBOE. The SBOE here was not assessing the property of particular taxpayers. Rather, it was equalizing the valuation of all "vacant residential land as a

subclass of property." *See* §§ 39–9–103(7) and § 39–9–104, C.R.S. (1988 Cum.Supp.).

Plaintiffs rely on *BQP Industries, Inc. v. Board of Equalization,* 694 P.2d 337 (Colo. App.1984), as being dispositive on the issue in their favor. The issue in that case was whether the SBOE had exceeded its jurisdiction in reviewing the rulings of the State Board of Assessment Appeals. In finding that the SBOE did exceed its jurisdiction, this court held that the SBOE's jurisdiction "is limited to statewide equalization of assessed valuation of classes or subclasses of property." *See* Colo. Const. art. X, § 15; § 39–9–103, C.R.S. (1988 Cum.Supp.).

A distinction is to be made between the act of assessment, which is the act of placing a value upon the property of a particular taxpayer, and equalization, which is the act of altering the total valuation placed upon a class or subclass of property. *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977). Unlike the facts in *BQP,* the SBOE's actions in this case were not an effort to assess the value of the property of a particular taxpayer, but rather to equalize on a statewide basis the assessment value for the subclass of property identified as "vacant residential land" in the interest of uniform taxation. *See* Colo. Const. art. X, § 3(1)(a). The SBOE, therefore, did not exceed its jurisdiction. *See* § 39–9–103(7), C.R.S. (1988 Cum. Supp.).

### III.

Plaintiffs further contend that the SBOE and the district court erred in concluding that property which did not have a dwelling unit was to be assessed at 29% of actual value. We disagree.

The issue has been decided adversely to the plaintiffs' position in *Vail Associates, Inc. v. Board of Assessment Appeals,* 765 P.2d 593 (Colo.App.1988). That case is controlling and dispositive. Property with improvements but no residential dwelling unit is not "residential real property" for

purposes of an assessment at the taxable rate of 21% of actual value.

ORDER AFFIRMED.

HUME and MARQUEZ, JJ., concur.

