James M. SULLIVAN, Petitioner–
Appellant,

v.

BOARD OF EQUALIZATION
OF DENVER COUNTY,
Respondent–Appellee,

and the Colorado Board of Assessment
Appeals, Appellee.

No. 98CA0063.

Colorado Court of Appeals,
Div. V.

Dec. 10, 1998.

Gelt, Fleishman & Sterling, P.C., James P. Gregory, Eric H. Sahl, Denver, Colorado, for Petitioner–Appellant.

Daniel E. Muse, City Attorney, Alice J. Major, Assistant City Attorney, Denver, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

Opinion by Judge MARQUEZ.

In this property tax case, petitioner, James M. Sullivan (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which denied his challenge to the non-residential classification assigned by respondent, the Denver County Board of Equalization (BOE), for the 1996 tax year to certain vacant land he owned. We affirm.

The facts pertinent to the classification issues are not in dispute. The subject property is a vacant parcel of land located adjacent to another parcel of land that contains taxpayer's residence.

Although there is no dwelling unit on the subject parcel, it was actually used by taxpayer in conjunction with his residence, as part of his backyard. The subject parcel is also zoned for residential use and has certain site improvements and amenities, such as a sprinkler system and landscaping. However,

on the applicable 1996 assessment date, the ownership of the subject parcel was solely in taxpayer's name, while the ownership of the adjacent parcel with his residence was solely in the name of taxpayer's wife.

Following a hearing, the BAA rejected taxpayer's arguments and upheld the BOE's non-residential classification and assessment of the subject parcel for the 1996 tax year. Specifically, while the BAA acknowledged taxpayer's "habitation" on the adjacent parcel, it found the lack of "common ownership" between the subject vacant parcel and the adjacent improved parcel to be controlling as to the classification issue. In short, because the contiguous parcels were "separately owned" on the pertinent assessment date, the BAA found "no basis" for granting the lower assessment rate.

On appeal, taxpayer contends that the BAA erred in so ruling, asserting that the subject parcel qualified for residential classification as a matter of law under these circumstances. We disagree.

Under the Colorado Constitution, "residential real property," which includes "all residential dwelling units and the land, as defined by law, on which such units are located," is valued for assessment at a lower rate than other taxable property. Colo. Const. art. X, §3(1)(b). The term "residential real property" is further defined in the statutory scheme governing property taxation as "residential land and residential improvements." Section 39–1–102(14.5), C.R.S. 1998.

Pursuant to §39–1–102(14.4), C.R.S.1998, the term "residential land" is defined, in pertinent part, as "a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and which is used as a unit in conjunction with the residential improvements located thereon."

Further, the term "residential improvements" is statutorily defined, in pertinent part, as "a building, or that portion of a building, designed for use predominantly as a place of residency." The term includes "fixtures" and "amenities" that are "an integral part of the residential use." Section 39–1–102(14.3), C.R.S.1998.

■ As we read these provisions, a particular parcel of land may qualify for residential classification and assessment in one of two different ways: either by itself containing a residential dwelling unit that is used as such or, alternatively, by having residential improvements other than a dwelling unit and being used as a unit in conjunction with a residential dwelling unit located on a contiguous parcel that is under common ownership with the subject parcel. However, neither of these sets of conditions has been satisfied here.

■ We first reject taxpayer's contention that the subject parcel qualified for residential classification based on his use of it in conjunction with his residence on the adjacent parcel. As to this issue, notwithstanding taxpayer's actual use of the subject parcel for residential purposes, it is undisputed that the ownership of this vacant parcel and the adjacent improved parcel was in different names on the 1996 assessment date.

Further, we note that, in his reply brief, taxpayer states that he is not asserting that his use of the adjacent property as a residence qualifies the vacant parcel as residential under the common ownership provisions. He concedes that he does not fit under the second test that applies to parcels under common ownership. Thus, we do not address this aspect of qualification.

We also reject taxpayer's contention that the subject parcel qualified for residential classification independently from the adjacent improved parcel because various site improvements or characteristics of this parcel assertedly constituted qualifying "residential improvements."

■ In our view, this avenue for residential classification is equally inapplicable because there is no residential dwelling unit on the subject parcel. Contrary to taxpayer's argument, in order for a parcel of land to qualify for residential classification independently from other parcels, there must be a residential dwelling unit on the property, and residential zoning restrictions and other site improvements and amenities alone are insuf-

ficient. *See Writer Corp. v. Colorado State Board of Equalization,* 771 P.2d 13 (Colo. App.1988); *Vail Associates, Inc. v. Board of Assessment Appeals,* 765 P.2d 593 (Colo.App. 1988).

Under the foregoing legal standards, we conclude that the denial of taxpayer's challenge to the non-residential classification of the subject parcel as to the 1996 tax year was proper.

We also find taxpayer's remaining contentions to be unpersuasive.

The BAA's order is affirmed.

BRIGGS and TAUBMAN, JJ., concur.