**HOME DEPOT USA, INC.,**
Petitioner–Appellant,

v.

**PUEBLO COUNTY BOARD OF COMMISSIONERS, Respondent–Appellee,**

**Colorado State Board of Assessment Appeals, Appellee.**

No. 00CA2328.

Colorado Court of Appeals,
Div. I.

May 9, 2002.

---

**3.** Respondent is still free to proceed pro se in his own defense.

appraisal witness asserted that a pneumatic tubing system used for cash deliveries within the building and a sensormatic system in the building used to prevent theft constituted real property fixtures. That witness also opined that exterior signs and nonfunctioning kitchen and bath displays constructed in the building should be classified as real property.

In contrast, the BOCC presented evidence in support of the county assessor's valuation of the subject property at a total of $1,455,586 for the 1998 tax year, and $1,453,828 for the 1999 tax year. These valuations were based solely on the application of a cost approach analysis and included those items in dispute that taxpayer contended were properly classified as real property.

Following the hearing, the BAA denied taxpayer's petition, thus upholding the valuation and classification of the subject property assigned by the county assessor. Although the BAA found the market approach to be an appropriate methodology here, it ultimately found taxpayer's market approach evidence to be unpersuasive because of various deficiencies. Based on its consideration of all the valuation evidence, the BAA found that there was insufficient information to determine an accurate valuation under the market approach, but found that the BOCC's cost approach evidence was sufficient to show that the assigned valuations were correct. The BAA was also ultimately persuaded that each of the disputed items should be classified as personal property.

Munger Chadwick, P.L.C., Mark E. Chadwick, Tucson, Arizona, for Petitioner–Appellant.

Daniel C. Kogovsek, Pueblo County Attorney, Tami Yellico, Assistant County Attorney, Terry Hart, Assistant County Attorney, Pueblo, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

Opinion by Judge KAPELKE.

In this property tax case, petitioner, Home Depot USA, Inc. (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) concerning the taxable personal property at taxpayer's store in Pueblo County. The BAA rejected taxpayer's challenges to the valuation and classification of the subject property for the 1998 and 1999 tax years, as assigned by the county assessor and previously upheld by respondent, the Pueblo County Board of Commissioners (BOCC). We affirm.

After taxpayer's petition for abatement or refund was denied by the BOCC, taxpayer appealed to the BAA. In de novo evidentiary proceedings before the BAA, taxpayer and the BOCC presented evidence in support of their opposing valuation and classification positions.

Taxpayer's appraisal witness valued the subject property, hundreds of items of personal property at the store, at a total of $480,940 for each of the two tax years. In reaching this valuation, the witness relied primarily on a market approach analysis, using certain used equipment pricing guides when available and pricing information from various web sites for other items. The items were valued as of December 31, 1998, and this valuation was applied to both tax years.

Taxpayer's valuation did not include certain items that taxpayer contended should be classified as real property, rather than as personal property. Specifically, taxpayer's

## I.

Taxpayer first contends that the BAA's valuation determinations cannot stand because the assessor and the BAA failed to give appropriate consideration to the market approach as required by law. We perceive no reversible error in the BAA's rulings on the valuation issues under the applicable standard of review.

As noted by taxpayer, a reviewing court must set aside a BAA decision if it reflects a failure to abide by the statutory scheme for calculating property tax assessments. *Bd. of Assessment Appeals v. E.E.*

*Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo. 1990); *see* § 24–4–106(7), (11)(e), C.R.S.2001.

By statute, the valuation of personal property for property tax purposes must be determined by "appropriate consideration" of such of the three appraisal approaches as are applicable to the appraisal of the property, that is, the cost approach, the market approach, and the income approach. Sections 39–1–103(5)(a), 39–1–104(12.3)(a)(I), C.R.S. 2001.

■ Consequently, if an approach to value is applicable, it must be given appropriate consideration by the assessor, as well as by the BAA, as the trier of fact. *Cherry Hills Country Club v. Bd. of County Comm'rs,* 832 P.2d 1105 (Colo.App.1992); *see Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra.*

In this regard, we note that the proceedings before the BAA were de novo and that the scope of our review is limited to the propriety of the BAA's determinations, not those of the assessor. *See* §§ 39–2–125(1)(f), 39–10–114.5(2), C.R.S.2001. Thus, if the BAA's determinations are sustainable, any impropriety in the limited extent of the assessor's consideration of the market approach would be harmless error, providing no basis for reversal of the BAA's ruling. *See Cherry Hills Country Club v. Bd. of County Comm'rs, supra; see also Johnston v. Park County Bd. of Equalization,* 979 P.2d 578 (Colo.App.1999).

Contrary to taxpayer's argument, the BAA did not disregard or fail to consider its valuation evidence under the market approach. Rather, the BAA expressly considered and weighed that evidence, but ultimately found it unpersuasive.

The BAA noted that taxpayer's appraisal witness failed to provide descriptive testimony and supporting documentation specifically indicating how he derived his market valuations of numerous personal property items from his pricing sources. For example, the year of manufacture was not provided for any of the personal property items, and make and model information was lacking as to numerous items. Taxpayer also did not submit any detailed information from the used equipment pricing guides themselves.

The BAA further noted that taxpayer's appraisal witness applied the same valuation to both tax years, notwithstanding the additions and deletions of various items of personal property from year to year, thus calling into question the accuracy of the inventory upon which taxpayer's valuations were based. Taxpayer's appraisal witness also apparently used the same pricing information for each tax year, without adjustment for any particular tax year.

The BOCC's valuation witness, a personal property department supervisor in the assessor's office, testified that he had considered all three approaches to valuation before determining the property's value. · He ultimately based the valuation on the cost approach. He elected not to use the income approach because none of the property items were leased, and he did not use the market approach because he had been unable to find any comparable sales in the jurisdiction. He further noted that the assessor's office had attempted to find sales outside the jurisdiction, but because Home Depot deals directly with the manufacturer, comparable sales information was unavailable.

The BAA concluded that the market value approach was an appropriate method of valuation, but that without detailed information on the source and year of manufacture, it was difficult to determine whether the taxpayer's market valuation was correct.

■ It is the function of the BAA, not a reviewing court, to weigh the evidence and resolve any conflicts. *Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra.* Moreover, the BAA, as the trier of fact, is not bound to accept as dispositive even the uncontroverted evidence of a single party, but may properly consider any reasonable inferences and circumstances tending to weaken or discredit such evidence. *Weingarten v. Bd. of Assessment Appeals,* 876 P.2d 118 (Colo.App.1994).

Under the applicable standard of review, we will not reweigh the evidence presented or substitute our judgment for that of the BAA as to its factual determinations ulti-

mately crediting the BOCC's cost approach valuations and discrediting taxpayer's market approach valuations.

Because the BAA's factual findings as to the appropriate valuation of the subject property for the 1998 and 1999 tax years are supported by competent and substantial evidence in the record as a whole, its valuation determinations will not be disturbed on review. *See* § 24–4–106(7), (11)(e); *Lawrence v. Bd. of Equalization,* 989 P.2d 232 (Colo. App.1999).

## II.

Next, taxpayer contends that the BAA erroneously classified each of the disputed items as personal property. Again, we find no basis for reversal.

The ultimate determination as to the appropriate classification of property for property tax purposes involves mixed issues of law and fact. Thus, under the applicable standard of review, the BAA's classification determinations must be sustained if they have a reasonable basis in law and are supported by substantial evidence in the record as a whole. *Johnston v. Park County Bd. of Equalization, supra; see* § 24–4–106(7), (11)(e).

Furthermore, the burden of proof in BAA proceedings is on the taxpayer to establish the basis for any reclassification claims concerning the subject property. *See Palmer v. Bd. of Equalization,* 957 P.2d 348 (Colo. App.1998); *see also Johnston v. Park County Bd. of Equalization, supra.*

For property tax purposes, "personal property" is generally defined as everything that is the subject of ownership and that is not included within the term "real property." Section 39–1–102(11), C.R.S.2001. Pursuant to § 39–1–102(14)(c), C.R.S.2001, "real property" is defined as including "improvements," which, pursuant to § 39–1–102(7), C.R.S. 2001, include all structures, buildings, and fixtures erected upon or affixed to land.

The term "fixtures" is generally defined as items that, although once movable chattels, have become an accessory to and a part of real property by having been physically in-

corporated in or affixed to it. Section 39–1–102(4), C.R.S.2001. Nevertheless, these statutory provisions go on to exclude from the definition of "fixtures" "machinery, equipment, or other articles related to a commercial or industrial operation which are affixed to the real property for proper utilization of such articles." Such items are specifically included within the statutory definition of "personal property" under corresponding provisions of § 39–1–102(11).

### A. The Pneumatic and Sensormatic Systems

The pneumatic and sensormatic systems have been affixed to or physically incorporated in the building and serve different business needs in the operation of taxpayer's store. Taxpayer sought to reclassify these items from personal property to real property as fixtures, but the BAA was not persuaded.

In distinguishing between real property fixture systems and personal property items under the foregoing statutory provisions, a division of this court ruled that a distinction must be drawn between items that are related to the operation of a building in general and items that are related to the operation of a business in the building. *Del Mesa Farms v. Bd. of Equalization,* 956 P.2d 661 (Colo. App.1998). Specifically, the division in that case held that, regardless whether a particular item is affixed to a building and may otherwise constitute a fixture, the item constitutes personal property if its use is primarily tied to a business operation.

Applying this test, the BAA ruled that the pneumatic and sensormatic systems are primarily tied to the business operations of taxpayer and should therefore be classified as personal property. Because these classification determinations have a reasonable basis in law under § 39–1–102(4), (11) and are supported by the evidentiary record, the BAA's ruling as to these items will not be disturbed on review. *See* § 24–4–106(7), (11)(e); *Del Mesa Farms v. Bd. of Equalization, supra.*

Contrary to taxpayer's argument, it is immaterial whether these systems could also be used by other types of businesses that could

occupy the building. The determinative issue is whether these items are primarily related to business operations in the building, as opposed to primarily serving the operations of a building in general. *See Del Mesa Farms v. Bd. of Equalization, supra.*

We also note that, in support of its arguments in this regard, taxpayer relies on certain provisions in a former version of one of the reference manuals published by the Property Tax Administrator (PTA). However, the PTA has since revised this reference manual concerning this issue, and it now incorporates the test set forth in *Del Mesa Farms. See* 5 *Assessors Reference Library* § II, at 2.21 (rev.Mar.2000).

### B. The Kitchen and Bath Displays and the Exterior Signs

The kitchen and bath displays and the exterior signs have also been affixed to the building or the land. Taxpayer sought to reclassify these items from personal property to real property improvements, but again the BAA was not persuaded.

Resolving the conflicts in the evidence concerning these items adversely to taxpayer's position, the BAA found that the kitchen and bath displays are of a temporary nature, having a considerably shorter life than that of the building itself, and that the signs are not permanently attached, but instead could be easily removed. Based on these factual determinations, the BAA ruled that there was an insufficient basis to reclassify these items from personal property to real property.

Again, we may not reweigh the evidence presented or substitute our judgment for that of the BAA on such factual matters. The BAA's classification determinations as to these items must be sustained on review, because they have a reasonable basis in law and are supported by substantial evidence in the record as a whole. *See* § 24–4–106(7), (11)(e); *Johnston v. Park County Bd. of Equalization, supra.*

Taxpayer's remaining contentions of error are also unpersuasive.

Finally, in view of our disposition of the issues, we need not address the alternative arguments advanced by the BOCC.

The BAA's order is affirmed.

Judge METZGER and Judge ROTHENBERG concur.