2012 COA 197

**James FIFIELD and Betsy Fifield, Petitioners–Appellants,**

v.

**PITKIN COUNTY BOARD OF COMMISSIONERS, Respondent–Appellee,**

and

**Board of Assessment Appeals, State of Colorado, Appellee.**

**No. 11CA2132.**

Colorado Court of Appeals, Div. IV.

Nov. 8, 2012.

---

Garfield & Hecht, P.C., Gregory S. Gordon, Aspen, Colorado, for Petitioners–Appellants.

John M. Ely, Pitkin County Attorney, Christopher G. Seldin, Assistant County Attorney, Aspen, Colorado, for Respondent–Appellee.

Opinion by Chief Judge DAVIDSON.

¶ 1 Petitioners, James and Betsy Fifield (taxpayers), appeal from an order of the Board of Assessment Appeals (BAA) denying their petition challenging the nonresidential classification of their property for the 2008 and 2009 tax years. We vacate the order and remand for further proceedings.

## I. Background

¶ 2 In 2007, taxpayers subdivided their Pitkin County property into two contiguous residential lots, both of which they own. Lot One contains their home. Lot Two contains no buildings or structures, but does contain a paved road and a utility line. The paved road is the only road access to taxpayers' home on Lot One, and also serves a neighboring subdivision.

¶ 3 After the property was subdivided, the assessor classified Lot Two as vacant land for tax years 2008 and 2009. Taxpayers petitioned the BAA to reclassify Lot Two as residential land for those tax years. After a hearing, the BAA denied the petition, based on its interpretation of the meaning of the term "residential land" in the relevant statutes. Specifically, the BAA held that, for Lot Two to qualify as "residential land," it must contain a residential improvement. The BAA found that Lot Two did not contain a residential improvement, and therefore did not qualify as "residential land."

¶ 4 On appeal, taxpayers challenge the BAA's classification determination concerning Lot Two. We conclude that the BAA based its ruling on an erroneous interpretation of "residential land." Consequently, we remand the case for a new ruling under the proper interpretation of "residential land" explained herein.

## II. Standard of Review

¶ 5 When interpreting a statute, "[o]ur primary objective is to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole." *Bly v. Story*, 241 P.3d 529, 533 (Colo.2010) (citing *Romanoff v. State*

*Comm'n on Judicial Performance,* 126 P.3d 182, 188 (Colo.2006)).

¶ 6 "[W]hile we give deference to an administrative agency's interpretation of a statute, we are not bound by a decision that misapplies or misconstrues the law." *Jet Black, LLC v. Routt Cnty. Bd. of Cnty. Comm'rs,* 165 P.3d 744, 748 (Colo.App.2006). Moreover, a reviewing court may set aside a BAA decision if it "reflects a failure to abide by the statutory scheme for calculating property tax assessments." *Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27, 34 (Colo.1990).

### III. Interpretation of "Residential Land"

¶ 7 We conclude that the BAA misconstrued the law by requiring that Lot Two contain a residential improvement to qualify as residential land.

¶ 8 The Colorado Constitution defines "residential real property" as "all residential dwelling units and the land, as defined by law, on which such units are located." Colo. Const. art. X, § 3(1)(b). Pursuant to the authority granted it by Colo. Const. art. X, § 3, the General Assembly defined residential land as follows:

> "Residential land" means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon.

§ 39–1–102(14.4)(a), C.R.S.2012.

¶ 9 Based on the plain language of the statute, residential land may comprise land in a single parcel, or land in parcels that are commonly owned and contiguous. Furthermore, reading the statute and the constitutional provision together, we conclude that residential land must (1) contain a residential dwelling unit, and (2) be used as a unit in conjunction with the residential improvements on the residential land. Therefore, here, taxpayers' residential land consists of those portions of Lot One and Lot Two that were used as a unit in conjunction with the home on Lot One (assuming that there were no additional residential improvements on either lot).

¶ 10 Our interpretation comports with that of the Property Tax Administrator (PTA). *See El Paso Cnty. Bd. of Equalization v. Craddock,* 850 P.2d 702, 704–05 (Colo.1993) (court owes deference to PTA's interpretation of statute it is charged with administering). Under the heading "Contiguous Parcels of Land with Residential Use," the PTA has interpreted the statutory definition of "residential land" to mean that "[p]arcels of land, under common ownership, that are contiguous to land used for a residence and used as an integral part of a residence, are classified as residential property." 2 *Assessors Reference Library* § 6, at 6.10 (rev. July 2012). The PTA goes on to suggest that assessors consider the following three "judgment criteria" when determining whether contiguous parcels are residential land:

> 1. Are the parcels considered and actually used as a common unit with the residence?
>
> 2. Would the parcel(s) in question be conveyed with the residence as a unit?
>
> 3. Is the primary purpose of the parcel and associated structures to be for the support, enjoyment, or other non-commercial activity of the occupant of the residence?

*Id.* at 6.11.

¶ 11 All of these statements from the PTA are consistent with our conclusion that land on a parcel contiguous to another commonly owned parcel with a residential dwelling unit need only be used as a unit in conjunction with that residential dwelling unit (or associated residential improvement) to qualify as residential land. Nothing in the PTA's interpretation of "residential land" indicates that such contiguous and commonly owned land must also contain its own residential improvement to qualify as residential land for property tax purposes. *Cf. id.* at 6.10 (requiring a "primary residential parcel," not the contiguous residential parcel, to contain a residential improvement).

¶ 12 Our interpretation also is consistent with that of other divisions of this court that have held that, in the context of a single lot, the amount of land entitled to residential classification is determined solely by what

portion of the lot is used as a unit in conjunction with a residential improvement. *See Gyurman v. Weld Cnty. Bd. of Equalization,* 851 P.2d 307, 309–10 (Colo.App.1993) (on taxpayer's single 36.75–acre lot, county assessor classified 2.75 acres as residential and the rest as vacant; BAA reclassified entire 36.75 acres as residential, and a division of this court affirmed because "[t]he determination of the size of the residential tract must be based solely on the amount of acreage which is being used as a unit in conjunction with the residential improvements on each particular property," and therefore, "the amount of such residential acreage may be either the taxpayer's entire property or only some lesser portion thereof, whichever is consistent with the taxpayer's use of the property") (citing § 39–1–102(14.4)); *see also Farny v. Bd. of Equalization,* 985 P.2d 106, 110 (Colo. App.1999) (where there was a single residential improvement on a 320–acre lot, "BAA properly found that all of the land should be classified as residential based on taxpayers' use of it in conjunction with their residential use of the [residential improvement]" because "based upon the evidence presented at the BAA hearing, there is no basis for saying that some part of the land was used for a different purpose").

¶ 13 We are aware that there is dicta in *Sullivan v. Board of Equalization,* 971 P.2d 675, 676 (Colo.App.1998), saying that a parcel of land may qualify for residential classification either by containing a residential dwelling unit that is used as such or "by having residential improvements other than a dwelling unit and being used as a unit in conjunction with a residential dwelling unit located on a contiguous parcel that is under common ownership with the subject parcel." The latter portion of this statement in *Sullivan* is at odds with our interpretation that the statute requires only that to qualify as residential land, land on contiguous parcels be used as a unit in conjunction with a residential dwelling unit, or associated residential improvement, on another commonly owned parcel. Thus, to that extent, we decline to follow it.

¶ 14 Accordingly, we remand the case to the BAA to determine what portions of Lot One and Lot Two were used as a unit in conjunction with a residential improvement for tax years 2008 and 2009, and are therefore entitled to residential classification. *See Farny,* 985 P.2d at 110 (determination of acreage entitled to residential classification is question of fact for BAA).

¶ 15 The BAA's order is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge PLANK * and Judge NEY * concur.