The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 3, 2018

## 2018COA64

**No. 17CA0435, *Bringle Family Trust v. Bd. of Cty. Comm'rs* —
Taxation — Property Tax — Residential Land**

A division of the court of appeals considers whether the

Colorado Board of Assessment Appeals erroneously declined to

reclassify a parcel of land as residential, rather than vacant, for tax

purposes. The division determines that land parcels are contiguous

— which is necessary to obtain property tax reclassification as

residential land under section 39-1-102(14.4)(a), C.R.S. 2017 —

only if they touch. Because a public right-of-way completely

separates the petitioner's vacant and residential parcels, the

division concludes that the subject vacant parcel does not meet

section 39-1-102(14.4)(a)'s contiguity requirement.

Accordingly, the division affirms the order

Court of Appeals No. 17CA0435
Colorado Board of Assessment Appeals Case No. 68817

Bringle Family Trust,

Petitioner-Appellant,

v.

Board of County Commissioners of Summit County, Colorado,

Respondent-Appellee,

and

Colorado Board of Assessment Appeals,

Appellee.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FOX
Furman and Ashby, JJ., concur

Announced May 3, 2018

Ryley Carlock & Applewhite, F. Brittin Clayton III, Denver, Colorado, for Petitioner-Appellant

Jeffrey L. Huntley, County Attorney, Franklin Celico, Assistant County Attorney, Breckenridge, Colorado, for Respondent-Appellee

Cynthia H. Coffman, Attorney General, Emmy A. Langley, Assistant Solicitor General, Denver, Colorado, for Appellee

¶ 1     This property tax appeal concerns two land parcels — one classified as residential and one as vacant — owned by the Bringle Family Trust (the Trust).  The Trust appeals the order of the Colorado Board of Assessment Appeals (the Board) upholding one parcel's classification as vacant, rather than residential, land. Because the Board correctly determined that the Trust failed to show that the vacant parcel satisfied the contiguity requirement of section 39-1-102(14.4)(a), C.R.S. 2017, which is necessary to obtain property tax reclassification as residential land, we affirm.

I.     Background

¶ 2     The Trust owns a parcel of land in Summit County, Colorado (the residential parcel).  The Trust also owns a parcel of land (the subject parcel) located across a public road from the residential parcel.  The road between the Trust's parcels is a public right-of-way maintained by the Bills Ranch Subdivision Association. The parcels, depicted below, are platted lots in the Bills Ranch Subdivision.



¶ 3    Charles Bringle is the owner representative of the Trust. Bringle's parents purchased separate, adjacent parcels of land — that now constitute the subject parcel — during the 1950s. Bringle's parents built a home and an outhouse on the subject parcel around 1951. About ten years later, Bringle's parents purchased separate, adjacent parcels that now comprise the residential parcel. Around 1962, Bringle's parents moved the house — but not the outhouse — from the subject parcel to the residential

parcel in order to make additions to the house. In 1995, the subject and residential parcels — which were six distinct parcels when purchased — were replatted into two parcels separated by a public road.

¶ 4    In early 2016, the Trust petitioned the Board of County Commissioners of Summit County (the County) for an abatement or refund of taxes pursuant to section 39-10-114, C.R.S. 2017, arguing that the subject parcel's property tax assessment classification should be changed from vacant to residential for tax years 2013 to 2015. During those years, the subject parcel was taxed at a rate about three times higher than the residential parcel's rate because of its vacant land classification. The County denied the Trust's petitions in March 2016.

¶ 5    In April 2016, the Trust appealed the County's decision, petitioning the Board to reclassify the subject parcel from vacant to residential for 2013 to 2015. The Trust and the County disputed whether the subject parcel was "contiguous" to the residential parcel and was "used as a unit in conjunction with the residential improvements located thereon" as contemplated by section 39-1-102(14.4)(a). After a hearing, the Board denied the Trust's

3

petition in a January 2017 order, finding against the Trust on both issues.

## II.    The Board's Order

¶ 6      The Trust contends that the Board erroneously denied its petition by misconstruing section 39-1-102(14.4)(a) to conclude that the subject parcel was not contiguous to the residential parcel or "used as a unit in conjunction with the residential improvements located thereon." According to the Trust, two non-touching parcels may satisfy section 39-1-102(14.4)(a)'s contiguity element if "they are in close proximity and are separated only by a road, easement, or other right of way that does not impede movement between the parcels."

¶ 7      We conclude that the Board correctly determined that the Trust failed to show that the subject parcel satisfied section 39-1-102(14.4)(a)'s contiguity requirement, although for reasons different from the Board's.[1]  *See Makeen v. Hailey*, 2015 COA 181,

---

[1] Our interpretation of section 39-1-102(14.4)(a), C.R.S. 2017, set forth below, belies the Board's determination that "physical characteristics and integrated or conflicting uses may render two parcels which do not 'touch' to be 'sufficiently contiguous' to constitute a single parcel for residential classification purposes[.]" *See Marshall v. Civil Serv. Comm'n*, 2016 COA 156, ¶ 9 (stating that

¶ 21 (noting that we may affirm on any grounds supported by the record). In light of our determination, we will not address the Trust's contention that the subject parcel meets section 39-1-102(14.4)(a)'s "used as a unit" requirement.

### A.  Preservation and Standard of Review

¶ 8      The parties agree that these issues were preserved.

¶ 9      We will set aside the Board's order only if the order constituted an abuse of discretion or was arbitrary and capricious, based upon findings of fact that were clearly erroneous, unsupported by substantial evidence, or otherwise contrary to law. *Boulder Cty. Bd. of Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 951 (Colo. 2011); *see also* § 24-4-106(7), C.R.S. 2017. "Substantial evidence is probative evidence that would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony." *Ward v. Dep't of Nat. Res.*, 216 P.3d 84, 94 (Colo. App. 2008). It is the Board's role, not ours, to weigh the evidence and resolve any conflicts. *Home Depot*

we "defer to the interpretation of a statute or a regulation by the agency charged with its administration[ only if] the interpretation has a reasonable basis in the law and is supported by the record").

*USA, Inc. v. Pueblo Cty. Bd. of Comm'rs*, 50 P.3d 916, 919 (Colo. App. 2002).

¶ 10    While the "ultimate determination as to the appropriate classification of property for property tax purposes involves mixed issues of law and fact," the taxpayer has the burden to establish the basis for "any reclassification claims concerning the subject property." *Id.* at 920.

¶ 11    We consider an agency's determination to the extent it accords with statutory provisions, but the interpretation of statutes presents a question of law that we review de novo. *Id.* In construing legislation, we look first to the plain language of the statute, reading it as a whole. *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 11. Then, if the language is ambiguous, we "construe the statute in light of the General Assembly's objective," presuming "that the legislature intended a consistent, harmonious, and sensible effect." *Anderson v. Vail Corp.*, 251 P.3d 1125, 1127-28 (Colo. App. 2010).

¶ 12    "[W]e presume that the General Assembly understands the legal import of the words it uses and does not use language idly, but rather intends that meaning should be given to each word."

6

*Dep't of Transp. v. Stapleton*, 97 P.3d 938, 943 (Colo. 2004). "[I]n determining the meaning of any one statutory section, we may look to the legislative scheme as a whole in order to give effect to the General Assembly's intent." *Id.* And, we "defer to the interpretation of a statute or a regulation by the agency charged with its administration, provided the interpretation has a reasonable basis in the law and is supported by the record." *Marshall v. Civil Serv. Comm'n*, 2016 COA 156, ¶ 9.

## B. Law

¶ 13 The Colorado General Assembly has defined "[r]esidential land" as "a parcel or *contiguous parcels* of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon." § 39-1-102(14.4)(a) (emphasis added); *see also* Colo. Const. art. X, § 3(1)(b) ("Residential real property . . . include[s] all residential dwelling units and the land, as defined by law, on which such units are located[.]").

¶ 14 The parties did not identify — and we have not found — a Colorado appellate case interpreting the meaning of section 39-1-102(14.4)(a)'s contiguity requirement. And, divisions of this

court are divided as to whether a parcel — used as a unit in conjunction with a residential dwelling on a contiguous parcel — must contain residential improvements to be properly classified as residential property for tax purposes. *Compare Sullivan v. Bd. of Equalization*, 971 P.2d 675, 676 (Colo. App. 1998) ("[A] particular parcel of land may qualify for residential classification" by (1) "itself containing a residential dwelling unit that is used as such" or (2) "having residential improvements other than a dwelling unit and being used as a unit in conjunction with a residential dwelling unit located on a contiguous parcel that is under common ownership."), *with Fifield v. Pitkin Cty. Bd. of Comm'rs*, 2012 COA 197, ¶¶ 9, 13 (declining to follow *Sullivan*, 971 P.2d at 676, as dicta and determining that the taxpayers' residential land consisted of "those portions of Lot One and Lot Two that were used as a unit in conjunction with the home on Lot One (assuming that there were no additional residential improvements on either lot)").

¶ 15     The Property Tax Administrator (PTA) is charged with enforcing the pertinent statute. *Golden Gate Dev. Co. v. Gilpin Cty. Bd. of Equalization*, 856 P.2d 72, 74 (Colo. App. 1993). The PTA has interpreted subsection 102(14.4)(a)'s definition of "residential land"

in the Assessors' Reference Library (ARL), which is binding for county assessors.  *See* § 39-2-109(1)(e), C.R.S. 2017; *see also Huddleston v. Grand Cty. Bd. of Equalization*, 913 P.2d 15, 17 (Colo. 1996).  According to the operative version of the ARL, a "residential land" classification requires "[p]arcels of land, under common ownership, that are contiguous to land used for a residence and used as an integral part of a residence."  2 Div. of Prop. Taxation, Dep't of Local Affairs, *Assessors' Reference Library* § 6, at 6.10-6.11 (rev. July 2012).  The ARL states that a "physical inspection will provide information critical" to determining a parcel's classification. *Id.*  It also provides a non-exhaustive list of relevant criteria for county assessors to consider, including, "Are the parcels considered and actually used as a common unit with the residence?" and, "Would the parcel(s) in question be conveyed with the residence as a unit?"  *Id.*

C.    Analysis

¶ 16    The Trust's challenge to the Board's standing (or ability to file a brief in the subject appeal) is misplaced.  *See* § 24-4-106(11)(d) (mandating that an agency shall be designated as an appellee when judicial review of the agency's action is directed to this court and

9

that the "docketing of the appeal and all procedures thereafter shall be as set forth in the Colorado appellate rules"); *see also* C.A.R. 28(b), (h) (discussing an appellee's ability to file a brief and detailing related requirements); *Capital Assocs. Int'l, Inc. v. Arapahoe Cty. Bd. of Comm'rs*, 802 P.2d 1180, 1181 (Colo. App. 1990) ("[W]e hold that when judicial review of a decision of the [Board] is sought, that board must be joined as a party to such proceedings."); *cf. B.C., Ltd. v. Krinhop*, 815 P.2d 1016, 1018 (Colo. App. 1991) ("Because a court's judgment in de novo proceedings may affect the action of a board of equalization in the exercise of its constitutional duties, the board must be joined in order to protect its constitutionally conferred interests, to afford complete relief among all affected or interested persons or entities, and to assure the adequacy of the court's judgment.").

¶ 17    Pursuant to subsection 102(14.4)(a) and the ARL, the subject parcel must be "contiguous" to the residential lot in order to be properly classified as residential property for tax purposes. According to the term's generally accepted meaning, two things must actually touch to be "contiguous." *See* Black's Law Dictionary 386 (10th ed. 2014) (defining "contiguous" as "[t]ouching at a point

10

or along a boundary"); Merriam-Webster Dictionary, https://perma.cc/B4C9-H4RS (defining "contiguous" as "being in actual contact," "touching along a boundary or at a point," or "touching or connected throughout in an unbroken sequence"); Oxford English Dictionary, https://perma.cc/H7UX-YEAH (defining "contiguous" as "[s]haring a common border; touching" and noting that the term originates from the Latin word "contiguus 'touching', from the verb contingere 'be in contact, befall'"). The statutory scheme and the ARL do not define "contiguous," nor do they qualify the use of the term, in the context of residential property classifications. Thus, we conclude that subsection 102(14.4)(a)'s language unambiguously means that two parcels must actually touch to be contiguous and, thereby, to constitute residential property. *Young*, ¶ 11.

¶ 18 Our reading of subsection 102(14.4)(a) accords with the plain language's generally accepted meaning and the PTA's interpretation of the statute provided in the ARL. *See Fifield*, ¶ 10 (noting that we owe deference to the PTA's interpretation of the statute it is charged with administering). Subsection 102(14.4)(a) and pertinent ARL sections address parcels that are "contiguous," not "sufficiently

11

contiguous." *See HealthSouth Corp.*, 246 P.3d at 951 ("We do not add words to a statute."); *see also supra* note 1.

¶ 19    Given our interpretation of subsection 102(14.4)(a), "contiguity" in the residential property tax classification context is distinguishable from the meaning of "contiguity" in other contexts.

¶ 20    In statutes concerning subdivision exemption plats and municipal annexations, for example, the General Assembly qualified its use of "contiguous," specifying that contiguity is not affected by intervening obstacles, such as a right-of-way. *See* § 30-28-302(5), C.R.S. 2017 ("'Parcel' means a contiguous area of land, except for intervening easements and rights-of-way[.]"); § 31-12-104(1)(a), C.R.S. 2017 ("Contiguity shall not be affected by the existence of a platted street or alley, a public or private right-of-way, a public or private transportation right-of-way or area, public lands, . . . or other natural or artificial waterway between the annexing municipality and the land proposed to be annexed."); *see also Town of Erie v. Town of Frederick*, 251 P.3d 500, 504 (Colo. App. 2010) ("Contiguity is not affected by the existence of a public or private right-of-way between the annexing municipality and the land proposed to be annexed."). By contrast, neither subsection

102(14.4)(a) nor the ARL qualifies its use of the term "contiguous" to negate the effect of an intervening public right-of-way.

¶ 21    Further, the Colorado Supreme Court's discussion of contiguity in *Douglas County Board of Equalization v. Clarke*, 921 P.2d 717, 722 (Colo. 1996), is inapplicable here.  At issue in *Clarke* was, in the context of property tax classifications of ranches as agricultural land, whether an area of land

> is a segregated parcel that should be treated as a single unit; or whether it is part of an integrated larger parcel[ — a factual determination] controlled by whether the land is sufficiently contiguous to and connected by use with other land to qualify it as part of a larger unit or whether it is a parcel segregated by geography or type of use from the balance of the unit.

*Id.*

¶ 22    The *Clarke* court interpreted section 39-1-102(1.6)(a)'s definition of "agricultural land" and the word "parcel" as used in section 39-1-102(13.5), which says "'[r]anch' means a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit."  *See Clarke*, 921 P.2d at 722.  The court concluded that the taxpayer must "prove that the land was actually grazed unless (1) the reason the land was not grazed

13

related to a conservation practice; or (2) the land is part of *a larger functional agricultural unit* on which grazing or conservation practices have been occurring." *Id.* at 718 (emphasis added).

¶ 23 The word "contiguous" does not appear in sections 39-1-102(1.6)(a) or 39-1-102(13.5), but the General Assembly used the term in section 39-1-102(14.4)(a). *See Stapleton,* 97 P.3d at 943 ("[T]he General Assembly understands the legal import of the words it uses and does not use language idly, but rather intends that meaning should be given to each word."). Moreover, the *Clarke* court addressed agricultural classifications and conservation practices regarding grazing; the court did not interpret or discuss subsection 102(14.4)(a) or residential classifications. Accordingly, our interpretation of subsection 102(14.4)(a)'s contiguity requirement does not conflict with the *Clarke* court's understanding of contiguity with regard to an agricultural "parcel" as contemplated by subsections 102(1.6)(a) or 102(13.5).

¶ 24 Although the Trust's subject and residential parcels were initially acquired as six separate parcels, they were replatted as two distinct parcels separated by a public road that the Trust does not own. The subject parcel and the residential parcel do not touch at

14

any point.[2]  We therefore conclude that the Trust failed to show that the subject parcel meets subsection 102(14.4)(a)'s contiguity requirement and, thus, the Board correctly declined to reclassify the subject parcel as residential property.  *See HealthSouth Corp.*, 246 P.3d at 951; *Makeen*, ¶ 21.

### III.   Conclusion

¶ 25    The Board's order is affirmed.

JUDGE FURMAN and JUDGE ASHBY concur.

---

[2] This opinion addresses whether a public right-of-way completely dividing two distinctly platted parcels defeats contiguity pursuant to section 39-1-102(14.4)(a).  Any question of whether another obstacle, such as a private easement, would defeat subsection 102(14.4)(a)'s contiguity requirement is not before us.