25CA0853 Hallman v Summitt County 03-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0853
Board of Assessment Appeals No. 24BAA762

Howard E. Hallman, Jr.,

Petitioner-Appellant,

v.

Summit County Board of Equalization,

Respondent-Appellee,

and

Board of Assessment Appeals,

Appellee.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

Howard E. Hallman, Jr., Pro Se

Jeffrey Huntley, County Attorney, Andrew Armstrong, Assistant County Attorney, Breckenridge, Colorado, for Respondent-Appellee

Phillip J. Weiser, Attorney General, Krista Maher, Assistant Attorney General, Lindsey Schwartz, Assistant Attorney General Fellow, for Appellee

¶ 1    Plaintiff, Howard E. Hallman, Jr., appeals an order of the Colorado Board of Assessment Appeals (BAA) denying his petition challenging the classification by the Summit County Board of Equalization (the County Board) of Hallman's land as vacant. We affirm.

## I.    Background

¶ 2    Hallman's limited liability company, Shed, LLC, owns two contiguous parcels of land in Summit County.[1] Hallman's residence is on one parcel (residential parcel), which is classified and taxed as residential land. The other parcel (subject parcel) is vacant.

---

[1] We will refer to Hallman as the owner for clarity's sake.



Aerial photo of residential and subject parcels

¶ 3      The subject parcel was classified and taxed as residential land from the 1990s, when Hallman bought it, until 2024. In 2021, the General Assembly passed House Bill 21-1061, which changed the definition of residential land for tax purposes. *See* Ch. 63, sec. 1, § 39-1-102, 2021 Colo. Sess. Laws 252-53. Specifically, the statute provides that land without residential improvements can only be considered residential if it is contiguous to a parcel of residential land owned by the same owner and contains an essential improvement related to the residential improvement on the contiguous land. § 39-1-102(14.4)(a)(I)(C), C.R.S. 2025.

¶ 4    The County Assessor classified the subject parcel as vacant for the 2024 tax year.[2]  Hallman appealed the reclassification for the 2024 tax year, and the County Board upheld the County Assessor's classification.  Hallman then filed a petition with the BAA challenging the County Board's decision.

¶ 5    At the hearing before the BAA, Hallman and the County Board agreed that the parcels are contiguous and under common ownership.  The sole contested issue was whether the subject parcel contains any residential improvements or related essential improvements.  Hallman argued that wildfire mitigation and scenic mountain views are amenities of the subject parcel that fall within the statutory definition of residential improvements.  He also argued that the subject parcel contains essential related improvements because the open space is defensible space against wildfire and protects his scenic mountain views.

¶ 6    The BAA denied Hallman's petition.  It ruled that "the amenities as described by Mr. Hallman do not bring the parcel within the definition of a residential improvement" and "ineffective

_____

[2] Vacant land is taxed at a higher rate than residential land.

3

wildfire mitigation and scenic mountain views are not essential related improvements."

## II.    Discussion

¶ 7      Hallman contends that the BAA erred by finding that (1) the subject parcel doesn't contain amenities that qualify as residential improvements; (2) wildfire mitigation and scenic mountain views aren't essential related improvements; and (3) the County Board properly reclassified the subject parcel from residential to vacant. We reject these contentions.

### A.    Standard of Review

¶ 8      A BAA property classification "involves mixed questions of law and fact."  *O'Neil v. Conejos Cnty. Bd. of Comm'rs*, 2017 COA 30, ¶ 11.

¶ 9      We will uphold the BAA's classification if it "(1) has a reasonable basis in law and (2) is supported by substantial evidence in the record."  *Id.* (citing *Home Depot USA, Inc. v. Pueblo Cnty. Bd. of Comm'rs*, 50 P.3d 916, 920 (Colo. App. 2002)).  It is the "BAA's function, and not that of a reviewing court, to weigh the evidence and to resolve conflicts therein."  *Lodge Props., Inc. v. Eagle Cnty. Bd. of Equalization*, 2022 CO 9, ¶ 26.  Thus, we will overturn the

BAA's decision only if we conclude that there was "an abuse of discretion, or that the order was arbitrary and capricious, based upon clearly erroneous factual findings, unsupported by substantial evidence in the record, or otherwise contrary to law." *Id.* (quoting *Hinsdale Cnty. Bd. of Equalization v. HDH P'ship*, 2019 CO 22, ¶ 19). In applying these principles, we keep in mind that the taxpayer has the burden of establishing that a classification is incorrect. *Home Depot*, 50 P.3d at 920.[3]

¶ 10      We review issues of statutory interpretation de novo. *Hinsdale*, ¶ 19 (citing *Boulder Cnty. Bd. of Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 951 (Colo. 2011)). "When interpreting a statute, '[o]ur primary objective is to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole.'" *Hogan v. Bd. of Cnty. Comm'rs*, 2018 COA 86, ¶ 11 (quoting *Fifield*

---

[3] Hallman argues that the BAA and the County Board have the burden to prove that the subject parcel doesn't contain any residential improvements or essential related improvements. However, the statute that he cites, § 39-1-103(5)(c), C.R.S. 2025, doesn't say that and case law holds otherwise. *See Bringle Fam. Tr. v. Bd. of Cnty. Comm'rs*, 2018 COA 64, ¶ 10; *Gyurman v. Weld Cnty. Bd. of Equalization*, 851 P.2d 307, 310 (Colo. App. 1993).

*v. Pitkin Cnty. Bd. of Comm'rs*, 2012 COA 197, ¶ 5), *aff'd sub nom.*, *Mook v. Bd. of Cnty. Comm'rs*, 2020 CO 12.

### B. Hallman's Contentions on Appeal

### 1. The Subject Parcel's "Amenities"

¶ 11 Hallman argues that the BAA abused its discretion because the subject parcel contains "amenities" that are "residential improvements" — wildfire mitigation and access to scenic mountain views for his residential property. We disagree.

### a. Applicable Law

¶ 12 "'Residential real property' means residential land and residential improvements . . . ." § 39-1-102(14.5). A residential improvement is "a building, or that portion of a building, designed for use predominantly as a place of residency by a person, a family, or families. The term includes buildings, structures, fixtures, fences, amenities, and water rights that are an integral part of the residential use." § 39-1-102(14.3). Under these definitions, residential improvements alone are insufficient to obtain a residential classification, as "there must be a residential dwelling unit on the property." *Sullivan v. Bd. of Equalization*, 971 P.2d 675, 676-77 (Colo. App. 1998). So the existence of amenities alone

6

doesn't justify classifying an adjacent parcel as residential. *Id.*; *see also Ziegler v. Park Cnty. Bd. of Cnty. Comm'rs*, 2020 CO 13, ¶ 15 ("[W]ithout a house, there exists no accompanying residential use. Thus, to classify a single parcel as residential land, it must contain a residential dwelling unit.").

### b.  Analysis

¶ 13    Hallman argues that the subject parcel should be classified as residential because wildfire mitigation and scenic mountain views are "amenities" as that term is used in the statutory definition of residential improvements.  We disagree.

¶ 14    As noted, "site improvements and amenities alone are insufficient" to classify a parcel as residential.  *Sullivan*, 971 P.2d at 676.  There must be a residential dwelling unit on the land for amenities to support a residential classification.  *Id.*  Even assuming that wildfire mitigation and scenic mountain views are amenities, there isn't any evidence in the record that there is a

residential dwelling unit on the subject parcel.  Thus, Hallman's

argument fails.[4]

### 2.  Essential Related Improvements to the Subject Parcel

¶ 15   Hallman next argues that the BAA abused its discretion

because wildfire mitigation and scenic mountain views are essential

related improvements.  We disagree.

### a.  Applicable Law

¶ 16   The statutory definition of residential land includes land

without a residential improvement "if the parcel is contiguous to a

parcel of residential land that has identical ownership based on the

record title and contains a related improvement that is essential to

the use of the residential improvement located on the identically

owned contiguous residential land."  § 39-1-102(14.4)(a)(I)(C).  The

term "related improvement" includes "a driveway, parking space, or

improvement other than a building."  § 39-1-102(14.4)(a)(III)(B).

The statute further defines improvements as "structures, buildings,

---

[4] In their briefs, the parties argue about whether the wildfire defensible space is ineffective and thus not an amenity.  Because we conclude that the wildfire defensible space isn't an amenity because there isn't a residential unit on the subject parcel, we decline to discuss whether it is effective.

fixtures, fences, and water rights erected upon or affixed to land." § 39-1-102(6.3). The commonly understood meaning of an "improvement" is something that increases the land's value or enhances its appearance. Black's Law Dictionary 904 (12th ed. 2024).

¶ 17 Importantly, the related improvement must be "essential" to the residential parcel. § 39-1-102(14.4)(a)(I)(C). "Essential" means "[o]f the utmost importance; basic and necessary." Black's Law Dictionary at 686; *see also Mook*, ¶ 52 ("essential means 'of the utmost importance'" (quoting Merriam-Webster Dictionary, https://perma.cc/5LKP-CD7A)).

¶ 18 In contrast, vacant land is a parcel on "which no buildings or fixtures, other than minor structures, are located." § 39-1-103(14)(c)(I). Minor structures are improvements "that do not add value to the land on which they are located and that are not suitable to be used for and are not actually used for any . . . residential . . . purpose." § 39-1-103(14)(c)(II)(A).

b.    Analysis

¶ 19 Hallman conceded at the BAA hearing, and does so again in his opening brief, that he never made any changes to the subject

parcel: All he does is mow and water it regularly. He also testified at the hearing that he never added any fixtures, fences, or structures that would increase the subject parcel's value or enhance its appearance. Hallman instead said that he has intentionally left the subject parcel empty. But, as the BAA correctly points out, "[e]mpty space for wildfire mitigation and scenic views is not a structure, building, fixture, [or] fence." Thus, wildfire mitigation isn't considered a related improvement.

¶ 20    Hallman also argues that using the subject parcel to protect scenic mountain views is an improvement. But, again, he didn't add any structures or fixtures to enhance his scenic mountain views. And without adding such structures and fixtures, the subject parcel received no residential improvements as defined by the statute.

¶ 21    Even if we were to regard Hallman's wildfire mitigation and scenic mountain views as improvements, they wouldn't suffice to classify the subject parcel as residential because they aren't "essential." Hallman asserts that improvements don't need to be essential to qualify. But the statute expressly says they do. § 39-1-102(14.4)(a)(I)(C) ("contains a related improvement that is *essential*"

(emphasis added)); *see also* H.B. 21-1061, 73d Gen. Assemb., 1st Reg. Sess., Bill Summary (Colo. 2021), https://perma.cc/2CNT-SW2L (The purpose of the bill is to require "the parcel to have a related improvement that is *essential* to the use of a residential improvement located on the identically owned contiguous residential land." (emphasis added)).

¶ 22    Hallman didn't show that wildfire mitigation on the subject parcel is essential for his use of the residential parcel. He conceded at the BAA hearing that he could sell the parcels separately and still use his residential parcel. And although Hallman asserts that he would lose his scenic mountain views if he sold the subject parcel, losing scenic mountain views wouldn't affect his ability to use the residential parcel. The residential parcel would still provide a usable residence even without the scenic mountain views. Thus, the record supports the BAA's finding that the subject parcel doesn't contain any essential related improvements.

### 3.    Illegal Reclassification of the Subject Parcel

¶ 23    Lastly, Hallman argues that, because he hasn't made any changes to the subject parcel, the BAA abused its discretion by

concluding that the County Board had the right to reclassify it. We disagree.

### a. Applicable Law

¶ 24    "[O]nce any property is classified for property tax purposes, it shall remain so classified until such a time as its actual use changes *or the assessor discovers that the classification is erroneous.*" § 39-1-103(5)(c) (emphasis added). A statutory change can render a classification erroneous. *See Douglas Cnty. Bd. of Equalization v. Fid. Castle Pines, Ltd.*, 890 P.2d 119, 125 (Colo. 1995) ("There is a presumption that when the legislature amends a statute it intends to change the law."). Thus, if a classification no longer conforms to the law, the assessor must reclassify the property to reflect that legislative change.

### b. Analysis

¶ 25    The statutory amendment changed the definition of residential classification to require essential improvements to the parcel. *See* § 39-1-102(14.4)(a)(I)(C). Hallman made none, as he concedes. This made the previous classification of the subject parcel presently erroneous; thus the County Board properly reclassified the subject parcel to comply with the amendment. The County Assessor

12

testified at the BAA hearing that she was "following the State law that had a change in the requirements of residential land." Because the amendment changed the classification requirements, the County Board correctly reclassified the subject parcel.[5]

### III.　Disposition

¶ 26　We affirm the order.

JUDGE LUM and JUDGE MEIRINK concur.

---

[5] In his opening and reply briefs, Hallman raises several constitutional challenges for the first time. A claimant doesn't need to raise constitutional challenges during administrative proceedings to preserve them for appeal. *See Pepper v. Indus. Claim Appeals Off.*, 131 P.3d 1137, 1139 (Colo. App. 2005), *aff'd on other grounds sub nom., City of Florence v. Pepper*, 145 P.3d 654 (Colo. 2006). However, Hallman either fails to develop these arguments in his opening brief, or he asserts them for the first time in his reply brief. We don't address undeveloped arguments, *see Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007), and we don't address arguments raised for the first time in a reply brief, *Holley v. Huang*, 284 P.3d 81, 87 (Colo. App. 2011). We therefore won't address those challenges.